**Clark Wilson CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–00523–CR.**

Court of Appeals of Texas, Dallas.

Jan. 31, 1991.

**598**

Dan C. Guthrie, Jr., Dallas, for appellant.

Sharon F. Batjer, Dallas, for appellee.

Before McCLUNG, THOMAS and OVARD, JJ.

## OPINION

McCLUNG, Justice.

Clark Wilson Crawford appeals his conviction for the offense of unlawful conspiracy to possess a controlled substance. Crawford entered an open plea of guilty to the court. The court found him guilty and assessed punishment at twenty years' confinement and a fine of $5,000. When the trial court imposed a sentence on Crawford without probation, Crawford's attorney filed a motion for new trial on the grounds he had been led to believe his client would receive deferred adjudication. Because he wished to call Judge Tolle as a fact witness at the hearing on the motion for new trial, he filed a motion to recuse. The trial court denied the motion to recuse, held a hearing on the motion for new trial, and then overruled that motion.

■ Crawford argues that the trial court has no discretion to deny a recusal motion and continue hearing the case. The Texas Government Code provides that a district court judge shall request the Presiding Judge of the Administrative District to assign another judge to hear a motion relating to the recusal of the judge of the case pending in his court. TEX.GOV'T CODE ANN. § 74.059 (Vernon 1988); *State ex rel.*

*Millsap v. Lozano,* 692 S.W.2d 470, 481 (Tex.Crim.App.1985, orig. proceeding). The duty to make the request of the Presiding Judge of the Administrative District is a mandatory duty. *McInnis v. State,* 618 S.W.2d 389, 398 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.), *cert. denied,* 456 U.S. 976, 102 S.Ct. 2242, 72 L.Ed.2d 851 (1982). Any order, other than an order of recusal or referral, entered by a court after a proper motion to recuse is entered is void. *See Dunn v. County of Dallas,* 794 S.W.2d 560, 562 (Tex.App.—Dallas 1990, no writ).

■ One day before the hearing on the motion for new trial, Crawford filed a motion to recuse the trial court. The trial court denied this motion without a hearing and did not refer the matter to the Presiding Judge of the Administrative District. TEX.GOV'T CODE ANN. § 74.059 (Vernon 1988). Then the trial court held an evidentiary hearing and denied the motion for new trial. The statute which requires referral to the presiding judge is mandatory. Thus, the only order the trial court had authority to enter after it refused to recuse itself was an order of referral. *State ex rel. Millsap,* 692 S.W.2d at 481. Because the trial court neither granted the motion to recuse nor referred the matter to the presiding judge, any other order made thereafter was void. Consequently, the denial of the order on the motion for new trial is void. The State requests an abatement of this appeal for a recusal hearing by a different trial court. However, that procedure does not address the fact that Crawford has not had his motion for new trial heard by a judge authorized to hear it. Therefore, we reverse the trial court's judgment, vacate the order denying the motion for new trial and remand this case to the trial court for proceedings pursuant to this opinion. We sustain Crawford's first point of error.

Because our holding is dispositive, we do not address Crawford's remaining point of error.