Kevin Arnold BRUNO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00072–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 16, 1995.

Frances M. Northcutt, Houston, for Appellant.

John B. Holems, Houston, Ernest Davila, Houston, Ted Wilson, Houston, Dan Rizzo, Houston, for Appellees.

Before COHEN, HEDGES and TAFT, JJ.

## ORDER

HEDGES, Justice.

Appellant, Kevin Arnold Bruno, pleaded guilty to aggravated robbery, and true to one enhancement paragraph. The court assessed punishment at 60 years confinement. In three points of error, appellant contends that (1) the trial court erred in denying appellant's motion for disqualification and in depriving him of an evidentiary hearing on his motion for new trial; and (2) appellant was deprived of effective assistance of counsel.

## FACTS

Appellant was charged with aggravated robbery, which was enhanced for punishment with a prior felony conviction. He waived a jury trial and entered a plea of guilty to the charge and a plea of true to the enhancement paragraph. The trial court withheld a finding of guilt and ordered a presentence investigation (PSI). At the punishment hearing, the court found appellant guilty as charged and found the enhancement allegation to be true. The court assessed punishment at 60 years in prison.

On October 31, 1991, appellant filed a Motion for Disqualification [1] and a Motion for

---

1. Although the terms "recusal" and "disqualification" are often used interchangeably, there are

New Trial. The Motion for Disqualification alleged that the trial judge should not hear his Motion for New Trial because "Judge Jim Barr is so biased or prejudiced against [appellant] (for whatever reason) that a fair hearing/trial cannot be had by [appellant]." On December 16, 1993, 73 days after sentencing, the trial judge heard the Motion for Disqualification and denied it. Immediately thereafter, appellant's counsel objected to proceeding with the Motion for New Trial before the presiding judge, based on his contention that Judge Barr was biased and prejudiced as set forth in his Motion for Disqualification. The judge offered to hold the Motion for New Trial in abeyance until appellant's counsel had a chance to appeal the judge's denial of the Motion for Disqualification. Counsel for appellant stated that although he objected, he had no alternative but to go forward given procedural time constraints.[2] At this point, the trial judge declined to hear the motion. Two days later, the motion for new trial was overruled by operation of law. Tex.R.App.P. 31(e)(3).

## STANDARD OF REVIEW

■ We review a judge's denial of a motion to recuse based on an abuse of discretion standard. *See Morris v. State*, 692 S.W.2d 109, 109 (Tex.App.—El Paso 1984, pet. ref'd); *Petitt v. Laware*, 715 S.W.2d 688, 692 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 558 (Tex.App.—Beaumont 1993, writ denied); Tex.R.Civ.P. 18a(f). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles; it is not

whether, in this Court's opinion, the facts present an appropriate case for the trial court's action. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## MOTION FOR DISQUALIFICATION (RECUSAL)

Appellant argues that once a recusal motion is filed, a judge must recuse himself or herself or refer the case to the presiding judge of the administrative district. As support, appellant cites both Tex.Gov't Code Ann. § 74.059(c)(3) and Tex.R.Civ.P. 18a.

### Section 74.059(c)(3) of the Government Code.

■ We first address appellant's argument that his Motion for Disqualification invoked Section 74.059(c)(3) of the Government Code. Tex.Gov't Code Ann. § 74.059 (Vernon 1988).[3] We disagree. This section applies only to the assignment of former and retired judges to sit as visiting judges. *Mauldin v. State*, 874 S.W.2d 692, 695–96 (Tex.App.—Tyler 1993, pet. ref'd) (holding that section 74.059 does not apply to a judge who was **elected** to sit in the court where the motion to recuse was filed) (emphasis added). The *Mauldin* court distinguished *State ex. rel. Millsap v. Lozano*, 692 S.W.2d 470 (Tex. Crim.App.1985), cited by appellant for the proposition that section 74.059 applies. *Mauldin*, 874 S.W.2d at 696. It noted that *Millsap* relied on *McLeod v. Harris*, 582 S.W.2d 772 (Tex.Crim.App.1979), which required that an **assigned** judge recuse himself or forward a motion to recuse in accordance with section 74.059. *Mauldin*, 874 S.W.2d at 696; *Millsap*, 692 S.W.2d at 477. *Mauldin*

---

distinguishing characteristics and different requirements that apply. *See* William W. Kilgarlin and Jennifer Bruch, *Disqualification and Recusal of Judges*, 17 St. Mary's L.J. 599 (1986). In this case, however, there is no dispute that the parties and the judge understood that the motion filed by appellant, although mistitled as a Motion for Disqualification, was intended to be a Motion to Recuse.

2. The trial judge may permit an accused's motion for new trial to be presented and heard within 75 days from after [sic] date sentence is imposed. *See* Tex R.App.P. 31(c)(1). The court shall determine a motion for new trial within 75 days after date sentence is imposed. Tex.R.App.P.

31(e)(1). In this case, the hearing on the Motion for Disqualification and Motion for New Trial was 73 days after sentence.

3. Section 74.059 reads as follows:

(a) A judge assigned under the provisions of this chapter has all the powers of the judge of the court to which he is assigned.

. . . .

(c) A district or statutory county court judge shall: . . . .

(3) request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court.

also declined to follow the ruling in *Crawford v. State*, 807 S.W.2d 597, 598 (Tex.App.— Dallas 1991, no pet.) because the *Crawford* Court apparently did not consider the issue of whether the presiding judge was assigned or elected. *Mauldin*, 874 S.W.2d at 696, n. 5.

■ Appellee asks this Court to take judicial notice that the trial judge in this case, Judge Jim Barr, was an **elected** judge at the time he heard the appellant's motion to recuse. The theory of judicial notice is that where a fact's existence is so easily determinable with certainty from sources considered reliable, it would not be good sense to require formal proof. *See Gonzales v. State*, 723 S.W.2d 746, 751 (Tex.Crim.App.1987). The Texas Legal Directory evidences that Judge Barr was elected to the 337th Criminal District Court in 1988. 1 TEXAS LEGAL DIRECTORY, The Judiciary Section (1994).[4] Therefore, we take judicial notice that the Honorable Jim Barr is an elected judge. Because Section 74.059(c)(3) of the Government Code does not apply to elected judges, it is not applicable to the facts of this case.

### Texas Rule of Civil Procedure 18a.

Rule 18a addresses the requirements of a motion for recusal or disqualification of trial court judges. *See* TEX.R.CIV.P. 18a. The rule provides:

Rule 18a. Recusal or Disqualification of Judges

(a) At least ten days before the date set for trial or other hearing ... any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case.... The motion shall be verified....

....

(c) Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion. If the judge recuses himself....

(d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district ... an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion.

TEX.R.CIV.P. 18a(a), (c), (d).[5] In *Winfield v. Daggett*, 846 S.W.2d 920, 922 (Tex.App.— Houston [1st Dist.] 1993, original proceeding), this Court held that the trial judge erred in refusing to either recuse himself or refer the motion for hearing to the administrative judge. Once the trial judge refused to recuse himself, he had a duty to forward the motion to the presiding judge of the administrative judicial district. *Id.* This rule also applies to criminal cases. *Arnold v. State*, 853 S.W.2d 543, 544 (Tex.Crim.App. 1993).

### LACK OF VERIFICATION

■ Appellant did not satisfy Rule 18a's specific requirement that a motion to recuse be verified. TEX.R.CIV.P. 18a(a). This failure to satisfy Rule 18a's procedural requirements results in waiver of his right to have his motion heard by another judge assigned by the presiding judge of the administrative judicial district.

### Recusal in Criminal Cases.

In *Arnold v. State*, 853 S.W.2d at 544–45, the Court of Criminal Appeals held that a criminal trial judge may make an initial determination that the recusal motion is not in compliance with rule 18a(a). If the motion does not comply, the trial judge is under no obligation to either recuse or refer the motion to be assigned to another judge. The

---

4. The Court of Criminal Appeals has taken judicial notice of information found in that directory. *See Maddox v. State*, 591 S.W.2d 898, 900 (Tex. Crim.App.1979), *cert denied*, 447 U.S. 909, 100 S.Ct. 2994, 64 L.Ed.2d 859 (1980).

5. Appellant attempts to convince this Court that rule 18a, as it now reads, should not apply to his case. (Appellant's brief at 11–12). The present rule became effective on January 1, 1988. Appellant's motion was filed on October 31, 1991. Thus rule 18a, including the verification requirement, was applicable to appellant.

*Arnold* deficiency was a failure to comply with the timeliness provision of rule 18a. *Id.; see also DeBlanc v. State*, 799 S.W.2d 701, 705 (Tex.Crim.App.1990) (holding that appellants' failure to comply with the 10 day notice provision of rule 18a bars complaint on appeal of the denial of a separate hearing before another judge on the motion to recuse); *McClenan v. State*, 661 S.W.2d 108, 110 (Tex.Crim.App.1983) (before recusal is brought into play in criminal cases, the motion for disqualification must be prima facie adequate). We see no reason to differentiate, as appellant urges us to do, between failure to timely file a motion to recuse and failure to verify the motion. *See Vargas v. State*, 883 S.W.2d 256, 258–59 (Tex.App.—Corpus Christi 1994, pet. ref'd) (because the unverified motion did not comply with rule 18a, the trial judge did not err by failing to refer the motion to the presiding judge of the administrative district). We hold that the inaction of the trial judge, based on the defective motion to recuse, was not error. We emphasize that if this motion had been verified and timely filed, the trial judge would have been **required** either to recuse himself or to refer the recusal motion to the presiding judge of the administrative region for assignment to another judge for hearing and disposition.

We overrule point of error one.

## MOTION FOR NEW TRIAL

■ In point of error two, appellant contends that the trial court erred by denying him an evidentiary hearing on his motion for new trial. We review this denial under an abuse of discretion standard. *Bolden v. State*, 634 S.W.2d 710, 711 (Tex.Crim.App. [Panel Op.] 1982); *Vargas v. State*, 781 S.W.2d 356, 361 (Tex.App.—Houston [1st Dist.]), *rev'd on other grounds*, 838 S.W.2d 552 (Tex.Crim.App.1992).

■ A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993). If a defendant's motion for new trial and supporting affidavit are sufficient, a hearing on the motion is mandatory. *Id.* at 816. A defen-

dant need not establish a *prima facie* case for a single cognizable ground raised in a motion for new trial; only reasonable grounds for relief which are not determinable from the record need be asserted. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). The purpose of the hearing is for a defendant to fully develop the issues raised in a motion for new trial. *Id.*

In this case, appellant's motion for new trial was timely filed and was properly supported by his affidavit. As grounds, he states that his guilty plea was involuntary because he had been misled and/or misinformed by the trial judge regarding the punishment the court would assess following a presentence investigation (PSI), and that he was not fully aware of the direct consequences of his plea. He also claims that his plea was induced by the judge's promise to be fair. He attached an affidavit asserting that his attorney had met with the trial judge, and that the judge had promised he would "be fairer than any of the other Judges in Harris County." His attorney told him that judges in Harris County would not impose a sentence in excess of that offered by the prosecutor, which in this case was 40 years. The trial court sentenced him to 60 years after considering the PSI and conducting a hearing on punishment.

The content of the conversations held between appellant's attorney and the trial judge, if any, cannot be determined from the record. The factual basis for the grounds asserted in his motion for new trial cannot be determined from the record. We believe that the trial court should have held a hearing on appellant's motion for new trial before it was overruled as a matter of law.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In point of error three, appellant contends that, if this Court finds that his Motion for Disqualification was procedurally defective and/or his Motion for New Trial was not properly presented such as to require a hearing by a neutral decisionmaker, then he received ineffective assistance of counsel. We decline to consider this point of error at this

time in light of our abatement of the appeal for a hearing on his motion for new trial.

Accordingly, we abate this appeal for 60 days and remand for the trial court to conduct a hearing on appellant's motion for new trial. We direct that the statement of facts of the hearing on the motion for new trial and the judge's signed order be certified and sent to our Clerk for filing in this proceeding. *See Morris v. State,* 692 S.W.2d at 110.

HEDGES, Justice, concurring.

I take the unusual, but not unprecedented step of concurring with my own opinion. I agree with the entirety of the majority opinion. I write to expose conflicting precedent within the jurisprudence of our own court, a conflict that has nothing to do with the disposition of this case.

Because this case involved the recusal of a trial judge in a criminal case, any discussion in the majority opinion of recusal in a civil trial would be dictum. I therefore am using this more flexible forum to highlight divergent decisions in civil cases within our own court.

In three of our opinions, particular panels have held that a ruling on the merits of a motion to recuse under rule 18a must be made by a judge other than the one whose recusal is sought, even if the motion is procedurally defective. *Winfield v. Daggett,* 846 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1993, no writ) (judge subject of recusal motion has no authority to rule on the timeliness of motion); *Carson v. McAdams,* 908 S.W.2d 228, 228–29 (Tex.App.—Houston [1st Dist.], 1993, orig. proceeding) (pub. pending) (judge subject of recusal motion cannot rule on the merits of the motion, even if he believes the motion to be groundless and brought in bad faith); *Carson v. Gomez,* 841 S.W.2d 491, 493 (Tex.App.—Houston [1st Dist.] 1992, no writ) (judge subject of recusal motion cannot rule on whether the motion was properly verified).

In at least four other of our cases, panels have held to the contrary, that a procedurally defective motion to recuse does not trigger the mandatory provisions of rule 18a. *Johnson v. Smith,* 857 S.W.2d 612, 614–15 (Tex.App.—Houston [1st Dist.] 1993, no writ) (untimely filed motion to recuse did not trigger mandatory recuse or refer option); *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 855 (Tex.App.—Houston [1st Dist.] 1987 writ ref'd n.r.e.), *cert denied,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988) (mandatory hearing is not triggered unless recusal motion states valid grounds for disqualification); *Houston N. Properties v. White,* 731 S.W.2d 719, 722 (Tex.App.—Houston [1st Dist.] 1987, writ dism'd) (mandatory recuse or refer provisions of rule 18a do not come into play unless the motion to recuse is timely filed); *Petitt v. Laware,* 715 S.W.2d 688, 692 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (mandatory provisions do not come into play if the motion is untimely filed).

I agree with the former line of cases, those which hold that once a recusal motion is filed, the trial judge **must** recuse or refer, even if the motion is procedurally defective. To hold otherwise undermines the purpose of the rule: to distance the trial judge from the recusal proceedings and afford a neutral arbitration of the movant's complaint.

I trust that our Court will resolve the conflict between these two lines of cases at the soonest opportunity.