TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00596-CR







Kirk Wayne McBride, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR95-129, HONORABLE JUDGE CHARLES R. RAMSAY PRESIDING






PER CURIAM


 A jury found appellant guilty of aggravated sexual assault and assessed punishment,
enhanced by two previous felony convictions, at imprisonment for ninety-nine years. Act of May 26, 1987,
70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg.,
2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021(a)(1)(A)(i), (2)(A)(ii)
& (iv), since amended). Appellant represents himself on appeal, having voluntarily waived the right to
counsel. We will affirm the judgment of conviction.


1. Background.

 On the night in question, the complainant met appellant at a party and agreed to give him
a ride to his house, which he told her was a short distance away. Appellant directed the complainant to
a house on Michigan Street in New Braunfels. After the complainant stopped, appellant produced a ten-inch knife which he held to her neck and head. The complainant attempted to escape, but she fell to the
ground. During this struggle, the complainant cut her hand on appellant's knife. Appellant ripped the
complainant's shirt and bra, and removed her pants and underwear. When the complainant tried to
scream, appellant choked her. Appellant also "started repeatingly [sic] stabbing at [the complainant], like
pretend stabbing . . . all across [her] face and [her] shoulders." He then raped her vaginally and anally. 
The complainant again attempted to escape, but appellant struck her on the head, gained control of her
car, and drove her to a rural location on Schwab Road. During this drive, appellant appeared to be in a
"frenzy." At the Schwab Road location, appellant again penetrated the complainant vaginally and anally,
and performed cunnilingus. He then drove the complainant back to the scene of the original assault to
recover his knife, which he had dropped. After finding the knife, appellant returned to Schwab Road where
he raped the complainant vaginally and anally a third time. Appellant then drove back to New Braunfels
and stopped outside a house in which he said his friends lived. He told the complainant that if he was
arrested, these friends would kill her. Appellant then returned to the Schwab Road location, where he
again penetrated the complainant vaginally. Finally, approximately four hours after the first assault,
appellant drove the complainant's car to New Braunfels, got out, and walked away. The complainant
immediately sought out the police and reported what had happened to her.

 This incident gave rise to four indictments for sexual assault (Comal County cause number
CR90-029), aggravated sexual assault (CR90-157 and CR90-158), and aggravated kidnapping (CR90-159). Appellant was convicted on each indictment following a consolidated trial, but the convictions were
reversed by this Court. McBride v. State, 840 S.W.2d 111 (Tex. App.--Austin 1992, pet. ref'd). 
Appellant's retrial on the original indictments resulted in a mistrial on appellant's motion. Thereafter,
appellant was twice reindicted, with cause number CR90-157 becoming cause number CR94-311 and
then cause number CR95-129. The latter indictment, on which the present conviction is based, alleged the
primary offense in two counts: (1) sexual assault aggravated by fear of imminent infliction of death, serious
bodily injury, and kidnapping; and (2) sexual assault aggravated by the use of a deadly weapon. Penal
Code § 22.021(a)(2)(A)(ii) & (iv). The court's jury charge authorized appellant's conviction on either
theory and the jury returned a general verdict of guilty.


2. Double jeopardy.

 The indictment in cause number CR90-157 was dismissed following appellant's
reindictment. In points of error one, two, and ten, appellant contends the dismissal of the indictment barred
further prosecution for the alleged offense because jeopardy had previously attached to this cause. 
Appellant relies on the rule stated in Ex parte Preston, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992):
any criminal accusation that is dismissed, waived, or abandoned after the defendant is placed in jeopardy
may not be retried. See also Lewis v. State, 889 S.W.2d 403, 406-08 (Tex. App.--Austin 1994, pet.
ref'd) (applying Preston in multi-indictment case). 

 The holding in Preston and Lewis applies when, during a trial on consolidated indictments
(or on a multicount indictment), the State dismisses or otherwise abandons one or more of the indictments
(or counts) and the defendant is then convicted on the remaining indictments (or counts). This is not the
situation before us. At appellant's first trial, he was convicted in cause number CR90-157. This conviction
was reversed on appeal and the cause was remanded for a new trial. The second trial ended in a mistrial
on appellant's motion. The indictment in cause number CR90-157 was dismissed before the third trial
began and only after the State had obtained a new indictment alleging the same offense. Under these
circumstances, the dismissal of the indictment in cause number CR90-157 was not a dismissal or
abandonment of the accusation. Points of error one, two, and ten are overruled.

 Appellant next contends that the mistrial that ended the second trial barred further
prosecution for the instant offense. Appellant raised this contention in a pretrial habeas corpus application
prior to the trial below. The district court determined that further prosecution was not barred by prior
jeopardy and this Court affirmed. Ex parte McBride, No. 3-93-355-CR (Tex. App.--Austin Feb. 2,
1994, pet. ref'd) (not designated for publication). Appellant has not persuaded us that we should 
reconsider this issue. Points of error three and four are overruled.

 In points of error five, six, seven, and eight, appellant contends the allegations contained
in the indictment in cause number CR90-157 were not submitted to the jury in the court's charge at the first
trial, and therefore were abandoned. The CR90-157 indictment was introduced in evidence below. No
model, it alleges in a single count sexual assault aggravated both by placing the victim in fear of imminent
death, serious bodily injury, and kidnapping and by using a deadly weapon. The jury charge from the first
trial of cause number CR90-157 is not in the record, but we will accept as true appellant's assertion that
it authorized appellant's conviction only on the deadly weapon theory. Thus, while appellant's contention
that the charge authorized his conviction on a theory not alleged in the indictment is incorrect, he is accurate
when he asserts that the "placing in fear" theory of the offense was not submitted to the jury at his first trial
for this offense.

 Appellant argues that the "placing in fear" theory of the offense was abandoned at the first
trial because it was not submitted to the jury. Ex parte Preston, 833 S.W.2d at 517. Assuming this is true
and that double jeopardy barred the State from again prosecuting appellant on the "placing in fear" theory,
the error was harmless because the evidence at the instant trial was sufficient to sustain appellant's
conviction on the "deadly weapon" theory of the offense. Points of error five, six, seven, and eight are
overruled.

 In point of error nine, appellant contends that a material fact was decided in his favor at the
first trial and that collateral estoppel barred its relitigation. Appellant refers us to what he calls a variance
between the date of the offense alleged in the indictment in cause number CR90-029 (on or about January
13, 1990) and the date proved (January 14, 1990). The State was not bound to prove the exact date of
the offense. Blakeney v. State, 911 S.W.2d 508, 512 (Tex. App.--Austin 1995, no pet.). Further, even
if this were a material variance, it is irrelevant to this cause. The predecessor to the indictment on which
the instant conviction rests was the indictment in cause number CR90-157. It alleged that the offense was
committed on or about January 14, 1990, which was the date proved. That is also the date alleged in the
present indictment. Finding no basis for or merit to appellant's collateral estoppel claim, we overrule point
of error nine.

 Appellant's last double jeopardy point is number twenty-five. By this point of error,
appellant contends the State was barred by double jeopardy from prosecuting him as a habitual felon. Act
of May 23, 1983, 68th Leg., R.S., ch. 339, § 1, 1983 Tex. Gen. Laws 1750 (Tex. Penal Code Ann. §
12.42(d), since amended). The original indictment alleged three prior felony convictions. At the first trial,
the prosecutor abandoned the habitual offender allegation and proved only one previous felony conviction,
and appellant was punished as a second offender. McBride, 840 S.W.2d at 118; Act of May 25, 1985,
69th Leg., R.S., ch. 582, § 1, 1988 Tex. Gen. Laws 2201 (Tex. Penal Code Ann. § 12.42(c), since
amended). Appellant's contention that this barred the State from attempting to have him punished as a
habitual offender upon retrial for the same primary offense is correct. Ex parte Sewell, 742 S.W.2d 393,
395-96 (Tex. Crim. App. 1987).

 The instant indictment alleged previous felony convictions for robbery, burglary, and
delivery of a controlled substance. Each of these convictions was proved by the State at the punishment
stage. The court's charge authorized the jury to punish appellant as a habitual offender, second offender,
or first offender. The jury's finding that appellant had two previous felony convictions necessarily included
a finding that he had one previous conviction. The only relevant difference between the punishment ranges
for habitual offenders and second offenders was the minimum authorized punishment of twenty-five or
fifteen years. In either case, the maximum permissible punishment was imprisonment for ninety-nine years
or life.

 The jury, after finding that appellant was a habitual felon, assessed punishment at the
maximum of ninety-nine years. Under the circumstances of this case, we are satisfied beyond a reasonable
doubt that the jury would have assessed the same punishment had it been properly instructed to punish
appellant only as a first or second offender. Appellant's conduct in this case was particularly vicious. 
Armed with a ten-inch knife, appellant sexually assaulted the complainant eight times during a four-hour
rampage. He also cut, choked, and beat her, and threatened that she would be killed if appellant were
arrested. In addition to appellant's previous criminal history, the jury also heard testimony at the
punishment stage that, one week before the charged offense, appellant pushed another woman against a
tree and "grabbed [her] crotch." While it was error to permit the State to again seek to have appellant
punished as a habitual offender, we are satisfied beyond a reasonable doubt that the error did not contribute
to the punishment assessed in this cause. Tex. R. App. P. 81(b)(2); see Taylor v. State, 755 S.W.2d 548,
552-53 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd). Point of error twenty-five is overruled. 


3. Limitations.

 The statute of limitations for aggravated sexual assault of an adult is five years. Tex. Code
Crim. Proc. Ann. arts. 12.01(4)(C), 12.03(d) (West Supp. 1997). The indictment in this cause was filed
on May 10, 1995, more than five years after the offense was committed. To avoid the limitations problem,
the indictment alleged that "from the 20th day of June, A.D., 1990, until the 20th day of December A.D.,
1994, an indictment charging the above offense was pending in a Court of competent jurisdiction, to-wit:
Cause No. CR-90-157 in the 22nd Judicial District Court of Comal County, Texas, styled The State of
Texas vs. Kirk Wayne McBride." See Tex. Code Crim. Proc. Ann. art. 12.05(b) (West 1977). In ten
points of error, appellant contends the district court did not properly instruct the jury on the limitations issue
and that the State failed to prove that the prosecution was not barred by limitations.


 a. Charge.

 Part I of the court's charge at the guilt stage, styled "Definitions," instructed the jury on
the abstract law applicable to this cause, including the statute of limitations. In this portion of the charge,
the court informed the jury that the limitations period for this offense was five years, that the pendency of
an indictment tolled limitations, and defined "presented" and "during the pendency." See Tex. Code Crim.
Proc. Ann. arts. 12.05(c), 12.06 (West 1977). Part II, styled "Application," applied the law of aggravated
sexual assault to the facts of the case. In this portion of the charge, the court instructed the jury to acquit
appellant if it had a reasonable doubt whether he committed the acts alleged in the indictment. If, on the
other hand, the jury found beyond a reasonable doubt that appellant did commit the alleged acts, it was
instructed to "next consider the issue of limitations." Part III of the charge, "Limitations," read:


 If you find beyond a reasonable doubt that the defendant is guilty of aggravated
sexual assault pursuant to the instruction and definitions herein, you must also find beyond
a reasonable doubt that an indictment, to-wit: Cause No. CR90-157, charged the
defendant, Kirk Wayne McBride, with the above offense was pending in a court of
competent jurisdiction, to-wit: the 22nd Judicial District Court of Comal County, Texas,
during a period from the 20th day of June, 1990, until the 20th day of December, 1994. 
If you so find, you will find the defendant guilty of aggravated sexual assault and say by
your verdict, "Guilty."


 But if you have a reasonable doubt as to whether the offense occurred more than
five (5) years prior to the presentment of an indictment herein, then you must acquit the
defendant because the prosecution for such offense would be barred by the statute of
limitations . . . .


 In points of error sixteen and seventeen, appellant contends the district court failed to
instruct the jury "according to the law under Article 12.05." Appellant's brief contains no argument or
authority in support of these points. Contrary to appellant's allegation, part I of the court's charge included
instructions on article 12.05 (b) and (c). Article 12.05(a), dealing with the time a defendant is absent from
the state, did not apply to this cause. Points of error sixteen and seventeen are overruled.

 Appellant next complains that the court did not apply the law of limitations to the facts of
the case. This complaint is without merit in light of part III of the charge, quoted above. Point of error
twelve is overruled.

 In his eighteenth and nineteenth points of error, appellant contends that part III of the
charge, by which the court applied the law of limitations to the facts, was ambiguous and did not comport
with the abstract statement of the law in part I. Appellant does not identify the ambiguity he finds in the
charge or explain how part III is inconsistent with part I. Finding no basis for these complaints, we overrule
points of error eighteen and nineteen.

 Appellant's last complaint concerning the court's instructions on limitations is that the court
placed the burden of proof on him. A reading of part III of the charge contradicts this contention. The
court instructed the jury to acquit appellant unless it found beyond a reasonable doubt that the limitations
period had been tolled by the filing of an indictment in a court of competent jurisdiction as alleged in the
indictment. Clearly, this placed the burden of proof regarding limitations on the State. Points of error
twenty and twenty-one are overruled.


 b. Proof.

 By points of error eleven and fourteen, appellant contends the State failed to prove the
date on which the indictment in cause number CR90-157 was filed and that the indictment was acted on
by a grand jury and received by the court. He also contends the State failed to prove that the 22nd Judicial
District Court was a court of competent jurisdiction in the county in which the alleged offense occurred. 
Finally, he contends the State did not prove that the indictment in cause number CR90-157 alleged the
same offense as the indictment in the instant cause, and was dismissed by a court of competent jurisdiction. 
For these reasons, appellant asserts that the evidence does not support his conviction and the district court
erred by overruling his motion for instructed verdict.

 The Comal County District Clerk testified for the State and identified State's exhibit 1 as
the indictment in Comal County cause number CR90-157. She testified that this indictment was returned
by the grand jury on June 20, 1990. The indictment was admitted in evidence. It recites that it was
returned by "The Grand Jury, for the County of Comal, State of Texas, duly selected, empaneled, sworn,
charged, and organized as such at the APRIL Term A.D., 1990, of the 22nd Judicial District Court for said
County." The indictment states that the offense charged was committed "in the County and State
aforesaid." Comparing the allegations contained in this indictment with those found in cause number CR95-129, the instant cause, the indictments allege the same conduct by appellant, on the same date, against the
same complainant. The clerk identified State's exhibit 1B as the motion to dismiss the indictment in cause
number CR90-157 and order granting same signed December 20, 1994. The exhibit was admitted in
evidence. It reflects on its face that the motion to dismiss was filed in and granted by the district court of
Comal County. The stated ground for dismissal was that the case had been reindicted as cause number
CR94-311. Based on this evidence, we overrule points of error eleven and fourteen.

 Appellant's thirteenth point of error is based on the second paragraph in part III of the
court's charge, whereby the jury was instructed to acquit appellant if it had a reasonable doubt whether
the offense occurred more than five years prior to "the presentment of an indictment herein." Appellant
argues that because the indictment in cause number CR95-129 was filed more than five years after the
offense was committed, this paragraph required the jury to return a not guilty verdict.

 Appellant reads the words "an indictment herein" as meaning the indictment in the instant
cause. Part III of the charge must be read as a whole. So read, "an indictment herein" means any
indictment pending in a court of competent jurisdiction charging appellant with the same offense as that
alleged in cause number CR95-129. Point of error thirteen is overruled.


4. Other points of error.

 In point of error fifteen, appellant contends the evidence is legally insufficient to sustain the
conviction because the complainant's testimony was not corroborated. Appellant concedes that the
complainant made a prompt outcry and that under the terms of article 38.07 of the Code of Criminal
Procedure corroboration was not required. Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 1997). 
Appellant argues, however, that article 38.07 cannot be invoked because the jury was not instructed on
its terms. In other words, appellant asserts that corroboration was required because the jury was not
instructed to the contrary.

 Article 38.07 is the source for the rule that the testimony of an adult victim of sexual assault
must be corroborated in the absence of an outcry. See Scoggan v. State, 799 S.W.2d 679, 683 (Tex.
Crim. App. 1990). Because the complainant made an outcry, the statutory corroboration requirement was
not applicable. Because there was no requirement that the complainant's testimony be corroborated, there
was no need to instruct the jury regarding the statutory exception to that requirement. And because no
corroboration was required, appellant's contention that the corroborative evidence was insufficient presents
nothing for review. Point of error fifteen is overruled.

 Appellant contends the district court erred by overruling his motion to quash the indictment
on the ground that it failed to allege the manner by which the State intended to prove the complainant's lack
of consent. See Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5313-14 (Tex. Penal Code Ann. § 22.011(b), since amended). Appellant orally moved to quash the indictment
on this ground after the jury had been empaneled and sworn. Because the motion to quash was not timely,
the alleged pleading defect was waived. State v. Turner, 898 S.W.2d 303, 306 (Tex. Crim. App. 1995);
Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 1997). Point of error twenty-four is overruled.

 Next, appellant contends the district court erroneously overruled his motion to dismiss for
want of a speedy trial. The motion was filed on August 29, 1995, and brought to the court's attention on
September 5, 1995, just before jury selection began. The court noted that a hearing on appellant's pretrial
motions had been conducted on August 18 and overruled the motion to dismiss as untimely. Tex. Code
Crim. Proc. Ann. art. 28.01, § 2 (West 1989).

 The motion to dismiss alleged that because of the delay in trial, appellant could not locate
an important witness, Melanie Cooper. Appellant makes the same allegation in his argument in support of
this point of error. By bill of exception, the first attorney appointed to represent appellant testified that
Cooper told him she saw the complainant flirt with appellant at the party on the night of the offense. There
was no testimony, however, regarding any subsequent, unsuccessful efforts to locate Cooper. In light of
appellant's failure to timely assert his speedy trial right and in the absence of evidentiary support for
appellant's claim that Cooper could not be located, point of error twenty-six is overruled.

 By two points of error, appellant contends the district court denied him due process and
due course of law by refusing to consider his pro se pretrial motions. At the time the motions were filed,
appellant was represented by counsel. A defendant is not entitled to represent himself at the same time he
is represented by counsel. Landers v. State, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977) (opinion on
rehearing). Because appellant was represented by counsel, the district court was entitled to look solely to
the attorneys and was not required to consider pro se motions. Busselman v. State, 713 S.W.2d 711,
714 (Tex. App.--Houston [1st Dist.] 1986, no pet.). Appellant asserts that a different judge, earlier in this
long-running prosecution, permitted appellant to argue a pro se habeas corpus application with counsel's
assistance. Assuming this to be true, we are unpersuaded that the district court was thereafter bound to
consider every pro se motion filed by appellant or to allow appellant to personally argue them. Points of
error twenty-two and twenty-three are overruled.

 Appellant's penultimate point of error is that the district court erred by failing to conduct
a hearing on his pro se motion for new trial and in arrest of judgment. Appellant contends that because he
was denied a hearing on the motion, he was unable to make a record in support of his double jeopardy
claims. We have considered each of appellant's double jeopardy claims and overruled them on the merits. 
None of appellant's points of error have been overruled based on an inadequacy in the record. We also
note that, like the pretrial motions discussed above, this pro se motion was filed while appellant was
represented by counsel and the district court was not obligated to consider it. Point of error twenty-seven
is overruled.

 Finally, appellant contends the Honorable Charles R. Ramsay, who presided at appellant's
trial, erred by failing to act on appellant's pro se posttrial recusal motion. Appellant urges that the judge
was obligated either to recuse himself or to request the presiding judge of the administrative judicial district
assign a judge to hear the motion. Crawford v. State, 807 S.W.2d 597 (Tex. App.--Dallas 1991, no
pet.); Tex. R. Civ. P. 18a(c); see Arnold v. State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (Rule
18a applicable in criminal cases). Again, we note that this pro se motion was filed while appellant was
represented by counsel. We also note that the only motion filed by counsel pending at the time appellant
filed his pro se recusal motion was counsel's motion to withdraw. This motion was heard and granted by
the Honorable Robert T. Pfeuffer, who also admonished appellant and accepted his waiver of counsel on
appeal. There is nothing in the record to indicate that Judge Ramsay had any involvement in this cause after
sentence was imposed. Under the circumstances, no error is presented. Point of error twenty-eight is
overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: March 20, 1997

Do Not Publish



ontends the district court erroneously overruled his motion to dismiss for
want of a speedy trial. The motion was filed on August 29, 1995, and brought to the court's attention on
September 5, 1995, just before jury selection began. The court noted that a hearing on appellant's pretrial
motions had been conducted on August 18 and overruled the motion to dismiss as untimely. Tex. Code
Crim. Proc. Ann. art. 28.01, § 2 (West 1989).

 The motion to dismiss alleged that because of the delay in trial, appellant could not locate
an important witness, Melanie Cooper. Appellant makes the same allegation in his argument in support of
this point of error. By bill of exception, the first attorney appointed to represent appellant testified that
Cooper told him she saw the complainant flirt with appellant at the party on the night of the offense. There
was no testimony, however, regarding any subsequent, unsuccessful efforts to locate Cooper. In light of
appellant's failure to timely assert his speedy trial right and in the absence of evidentiary support for
appellant's claim that Cooper could not be located, point of error twenty-six is overruled.

 By two points of error, appellant contends the district court denied him due process and
due course of law by refusing to consider his pro se pretrial motions. At the time the motions were filed,
appellant was represented by counsel. A defendant is not entitled to represent himself at the same time he
is represented by counsel. Landers v. State, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977) (opinion on
rehearing). Because appellant was represented by counsel, the district court was entitled to look solely to
the attorneys and was not required to consider pro se motions. Busselman v. State, 713 S.W.2d 711,
714 (Tex. App.--Houston [1st Dist.] 1986, no pet.). Appellant asserts that a different judge, earlier in this
long-running prosecution, permitted appellant to argue a pro se habeas corpus application with counsel's
assistance. Assuming this to be true, we are unpersuaded that the district court was thereafter bound to
consider every pro se motion filed by appellant or to allow appellant to personally argue them. Points of
error twenty-two and twenty-three are overruled.

 Appellant's penultimate point of error is that the district court erred by failing to conduct
a hearing on his pro se motion for new trial and in arrest of judgment. Appellant contends that because he
was denied a hearing on the motion, he was unable to make a record in support of his double jeopardy
claims. We have considered each of appellant's double jeopardy claims and overruled them on the merits. 
None of appellant's points of error have been overruled based on an inadequacy in the record. We also
note that, like the pretrial motions discussed above, this pro se motion was filed while appellant was
represented by counsel and the district court was not obligated to consider it. Point of error twenty-seven
is overruled.

 Finally, appellant contends the Honorable Charles R. Ramsay, who presided at appellant's
trial, erred by failing to act on appellant's pro se posttrial recusal motion. Appellant urges that the judge
was obligated either to recuse himself or to request the presiding judge of the administrative judicial district
assign a judge to hear the motion. Crawford v. State, 807 S.W.2d 597 (Tex. App.--Dallas 1991, no
pet.); Tex. R. Civ. P. 18a(c); see Arnold v. State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (Rule
18a applicable in criminal cases). Again, we note that this pro se motion was filed while appellant was
represented by counsel. We also note that the only motion filed by counsel pending at the time appellant
filed his pro se recusal motion was counsel's motion to withdraw. This motion was heard and granted by
the Honorable Robert T. Pfeuffer, who also admonished appellant and accepted his waiver of counsel on
appeal. There is nothing in the record to indicate that Judge Ramsay had any involvement in this cause after
sentence was imposed. Under the circumstances, no error is presented. Point of error twenty-eight is
overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: March 20, 1997