No. 04-97-01020-CV



Milton FAGIN,


Appellant



v.



DUKE-KELLER OUTDOOR ADVERTISING, INC.,


Appellee



From County Court at Law No. 7, Bexar County, Texas


Trial Court No. 227,669


Honorable Timothy F. Johnson, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Tom Rickhoff, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: July 30, 1999


REVERSED AND REMANDED


 This appeal arises from a turnover order. Because the trial court erred in finding that
a motion to recuse was untimely filed, we reverse and remand.

 In July 1997, the trial court rendered judgment in favor of the appellee, Duke-Keller
Outdoor Advertising, Inc., against the appellant, Milton Fagin. In August, Duke-Keller filed
an application for turnover relief and appointment of receiver. On December 1, the trial
court held a hearing on the application, and the parties agreed to provide the court with an
order. On December 3, Fagin became the political opponent of the trial court.

 As of December 8, the trial court had not received the agreed order, and it set an
additional hearing for December 10. The following day, Fagin filed a motion to recuse based
on his candidacy for judge. At the hearing on December 10, the trial court found the motion
to recuse untimely and orally granted the requested turnover relief. On December 18, the
trial court signed an order granting turnover relief and appointing a receiver. Fagin appealed.

 In his second point of error, Fagin contends the trial court erred by denying his
motion to recuse. We agree in part.

 Rule 18a(a) requires a motion to recuse to be filed "[a]t least ten days before the date
set for trial or other hearing." Tex. R. Civ. P. 18a(a); Petitt v. Laware, 715 S.W.2d 688, 692
(Tex. App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.). This time limit, however, does not
apply if the movant does not receive ten days notice of the hearing from which he seeks to
recuse the judge. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex. App.--Houston [1st Dist.]
1994, writ denied); see also Kirby v. Chapman, 917 S.W.2d 902, 910 (Tex. App.--Fort
Worth 1996, no writ). If the motion to recuse is timely filed, the judge has only two options:
either recuse himself or refer the motion to the presiding judge of the administrative judicial
district. Brousseau v. Ranzau, 911 S.W.2d 890, 892 (Tex. App.--Beaumont 1995, no writ).
If the judge takes any action other than an order of recusal or referral, the action is void.
Crawford v. State, 807 S.W.2d 597, 598 (Tex. App.--Dallas 1991, no writ).

 In this case, Fagin received two days notice of the hearing, and he filed his motion
to recuse one day before the hearing. Because Fagin's motion to recuse was timely, the trial
court should have either recused himself or referred the motion to the presiding judge of the
administrative judicial district. See Tex. R. Civ. P. 18a(c); Metzger, 892 S.W.2d at 49.
Because the court did neither, its order granting turnover relief is void. Accordingly, we
sustain Fagin's second point of error.(1)

 In light of our holding, we decline to address Fagin's remaining points of error. We
reverse the turnover order and remand the cause to the trial court for proceedings consistent
with this opinion.


 PAUL W. GREEN

 JUSTICE


DO NOT PUBLISH

1. Our holding should not be construed as condoning Fagin's attack on the integrity of the trial court. See In re
Maloney, 949 S.W.2d 385 (Tex. App.--San Antonio 1997, orig. proceeding).