In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00310-CR
_____

TERRANCE RESHAND HART, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 18-07-09610-CR

MEMORANDUM OPINION

A jury convicted appellant Terrance Reshand Hart of engaging in organized criminal activity and assessed punishment at ten years of confinement.[1] In six issues, Hart argues that he received ineffective assistance of counsel; asserts that the trial court erred by denying him a hearing on his motion for new trial; complains that the

---

[1]The jury found that the State's allegation of two prior felony convictions was true.

1

trial court improperly charged the jury as to parole eligibility; and challenges the admission of evidence of other burglaries of a motor vehicle. We affirm the trial court's judgment.

## ISSUES ONE AND TWO

In issue one, Hart argues he is entitled to a new trial because he received ineffective assistance of counsel, and in issue two, Hart contends the trial court erred by denying his motion for new trial based on counsel's alleged ineffectiveness. Specifically, Hart complains that trial counsel provided inaccurate advice regarding the parole consequences of the charged offense. Because issues one and two are related, we address them together.

In his motion for new trial, Hart asserted, among other things, that trial counsel provided ineffective assistance at pretrial and during trial because (1) he incorrectly advised Hart regarding the parole consequences of the charged offense and (2) the jury was incorrectly charged regarding the parole consequences of the offense. Attached to the motion was the affidavit of trial counsel, in which counsel averred as follows:

> It was brought to my attention after trial that the jury charge had an incorrect explanation of the parole laws applicable to this type of case and that this case requires a person [to] spend at least 50% of their time before they are eligible for parole. I discussed the parole rules with my client when we discussed plea offers which was understood to be the same as they were listed in the jury charge. My client was offered 12

months [in] state jail prior to trial and I believe that he would have accepted that offer had he known how the parole rules would be applied to his case.

Also attached to the motion for new trial was Hart's affidavit, in which Hart averred that before trial, he was offered twelve months in state jail. According to the affidavit, Hart's counsel advised him that he would be eligible for parole after serving one quarter of his sentence, with consideration for good time credit. Hart averred that his attorney did not explain that if he went to trial and were sentenced, he would be required to serve at least half of his sentence without consideration for good time before he would be eligible for parole, and that because his attorney incorrectly advised him regarding his parole eligibility, he "could not make an intelligent knowing decision whether to go to trial or accept the plea bargain." In addition, Hart claimed that he would have accepted the offer of twelve months of confinement in a state jail facility if he had understood the applicable parole law.

In addition, attached to Hart's motion for new trial was the affidavit of William E. Harrison, in which Harrison indicated that he had practiced criminal defense for twenty-four years and had "reviewed the affidavit signed by the trial lawyer[]" in Hart's case. Harrison averred that based upon his experience and specifically his experience appearing before the trial judge, he believed the trial

3

judge would have approved the offer of twelve months of state jail time "had the offer been made by the District Attorney's Office and accepted by the Defendant."

To establish ineffective assistance, a defendant must satisfy the following test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). Allegations of ineffective assistance "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To demonstrate prejudice regarding a claim of ineffective assistance stemming from rejecting a plea-bargain due to poor legal advice, "the applicant must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn

4

the offer; and (3) the trial court would not have refused to accept the plea bargain." *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

As discussed above, trial counsel averred in his affidavit supporting Hart's motion for new trial that he had incorrectly advised Hart regarding the amount of time he would be required to serve before becoming eligible for parole. We conclude that trial counsel's affidavit was sufficient to establish that his performance was deficient. *See Strickland*, 466 U.S. at 687; *Thompson*, 9 S.W.3d at 813. Therefore, we turn now to the question of whether Hart demonstrated that he was prejudiced by counsel's deficient performance. *See Strickland*, 466 U.S. at 687. As discussed above, to establish prejudice resulting from rejecting a plea bargain due to having received inaccurate legal advice, Hart must demonstrate a reasonable probability that (1) he would have accepted the earlier offer if his attorney had not provided ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain. *See Ex parte Argent*, 393 S.W.3d at 784.

Hart's affidavit explained that if he had received accurate advice regarding his parole eligibility, he would have accepted the proferred plea bargain. We conclude that Hart established the first prong of the *Argent* test. *See id.* Trial counsel's affidavit set forth his erroneous advice and opined that Hart would have accepted

5

the plea bargain if trial counsel's performance had not been deficient, and Harrison indicated in his affidavit that he had reviewed trial counsel's affidavit and believed, based upon his experience, that the trial judge would have accepted the plea bargain agreement if the State had offered it. Harrison's affidavit does not indicate that he had reviewed the record of the trial or was familiar with Hart's prior convictions or the evidence adduced at trial. We conclude that Hart failed to demonstrate that (1) the prosecution would not have withdrawn the offer and (2) the trial judge would have accepted the plea bargain agreement. *See id*. Having concluded that Hart failed to demonstrate that he was prejudiced by trial counsel's ineffective assistance, we overrule issues one and two.

## ISSUES THREE AND FIVE

In issue three, Hart contends the trial court erred by denying his motion for new trial because the jury was improperly instructed regarding the applicable parole law, and in issue five, Hart again asserts that the trial court erred by incorrectly instructing the jury concerning the applicable parole law.

When reviewing alleged charge error, we determine whether error existed in the charge and, if so, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). If a defendant does not object to the alleged charge error at trial, we may reverse the judgment only

6

if the error is so egregious that the defendant did not receive a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002). In assessing the degree of harm, we must consider the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record. *Almanza*, 686 S.W.2d at 171. We must examine the charge in its entirety rather than as a series of isolated statements. *Holley v. State*, 766 S.W.2d 254, 256 (Tex. Crim. App. 1989); *Iniguez v. State*, 835 S.W.2d 167, 170 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). "Egregious harm is a difficult standard to prove and such a determination must be done on a case-by-case basis." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). "Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

The trial court's punishment charge stated as follows, in pertinent part:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed. . . .
> You may consider the existence of the parole law and good conduct time. . . . You are not to consider the manner in which the parole law may be applied to this particular defendant.

7

The parties agree that the trial court should have instructed the jury that Hart would not be eligible for parole until his actual time served equals one-half of the sentence imposed or thirty years, whichever is less, without consideration of any potential good time credit. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a). Defense counsel did not object to the proposed punishment charge, which the parties agree included an instruction that incorrectly set forth the applicable parole law. Therefore, Hart must demonstrate that he was egregiously harmed by the erroneous instruction. *See Almanza*, 686 S.W.2d at 171; *see also Herron*, 86 S.W.3d at 632.

Considering the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information, we cannot conclude that Hart was egregiously harmed by the erroneous instruction. Although Hart received the maximum sentence, the charge specifically instructed the jury not to consider how parole law might be applied to Hart, the prosecutor did not mention parole law during closing argument, and defense counsel only mentioned parole during argument by reminding the jury not to consider parole in determining Hart's punishment. *See Igo v. State*, 210 S.W.3d 645, 647-48 (Tex. Crim. App. 2006) (concluding that erroneous jury instruction regarding parole eligibility did not egregiously harm the defendant when the charge contained curative language, parole law was not discussed during closing argument, and the evidence relating to punishment was strong). During the

8

punishment phase, Hart stipulated that he had been previously convicted of two charges of possession of marijuana, two charges of unlawful carrying of a weapon, burglary of a motor vehicle, theft, possession of a controlled substance, and had pleaded guilty to two charges of manufacture and delivery of a controlled substance. In addition, the jury heard testimony that Hart is a member of a street gang.

Given the strength of the punishment evidence, as well as the trial court's curative instruction and the lack of discussion of parole law during argument, we conclude that Hart has not demonstrated that he was egregiously harmed by the trial court's erroneous instruction. *See id.*; *see also Herron*, 86 S.W.3d at 632; *Almanza*, 686 S.W.2d at 171. Accordingly, we overrule issues three and five.

## ISSUE FOUR

In issue four, Hart asserts that the trial court erred by denying him an evidentiary hearing on his motion for new trial. We review the denial of an evidentiary hearing on a motion for new trial for abuse of discretion. *Bruno v. State*, 916 S.W.2d 4, 8 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). "[W]hen an accused presents a motion for new trial raising matters not determinable from the record, upon which the accused could be entitled to relief, the trial judge abuses his discretion in failing to hold a hearing[.]" *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.

9

Crim. App. 1993). If a defendant's motion for new trial and supporting affidavit are sufficient, the trial court must conduct a hearing on the motion. *Id.*

In his motion for new trial, Hart argued that (1) the evidence was insufficient to support the verdict, (2) the verdict was contrary to the law and evidence, (3) Hart's sentence was cruel and unusual and a deprivation of fundamental fairness, (4) the jury was improperly instructed regarding parole law, and (5) trial counsel provided ineffective assistance. At a hearing on September 19, 2018, the trial judge stated, "I am going to deny his Motion for New Trial based on the affidavits and the documents." Defense counsel objected to "not having a hearing[]" and asserted that the record was "unclear for the Court to make a finding." The trial judge again stated that she was overruling the motion for new trial in its entirety.

As discussed in our analysis of issues one and two above, with respect to his ineffective assistance claim, the affidavits of Hart and Harrison failed to demonstrate that (1) the prosecution would not have withdrawn the plea offer and (2) the trial court would not have refused to accept the plea bargain. *See Ex parte Argent*, 393 S.W.3d at 784. Because the affidavits in support of the motion for new trial were insufficient, we conclude that the trial judge was not required to conduct an evidentiary hearing. *See Reyes*, 849 S.W.2d at 816. All of the matters raised in the

10

motion for new trial were determinable from the record. *See id*. We therefore overrule issue four.

## ISSUE SIX

In issue six, Hart argues that the trial court erred by admitting evidence of "other burglaries of a motor vehicle" despite his objection on grounds of relevance and Rule 404(b) of the Texas Rules of Evidence. *See* Tex. R. Evid. 404(b). We review a trial court's admission of extraneous acts under an abuse of discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).

Rule 404(b) of the Texas Rules of Evidence provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character to show that the person acted in accordance with the character on a particular occasion, but it may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident…." Tex. R. Evid. 404(b). The list of enumerated purposes for which an extraneous offense may be admissible under Rule 404(b) is neither exclusive nor exhaustive. *Montgomery*, 810 S.W.2d at 388. Evidence of extraneous acts may be admissible if

11

it has relevance apart from its tendency to prove a person's character to show that he acted in conformity therewith. *Id*. at 387. However, the fact that evidence of extraneous acts is introduced for a purpose other than character conformity does not, standing alone, make the evidence admissible. *See Webb v. State*, 36 S.W.3d 164, 180 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Proferred evidence must also be relevant to a fact of consequence in the case. *Id*. Evidence is relevant if it tends to make the existence of any fact or consequence more probable or less probable than it would be without the evidence. Tex. R. Evid. 401. We will not overturn a conviction if, after an examination of the record as a whole, we have fair assurance that the erroneous admission of extraneous-offense evidence either did not influence the jury, or had but slight effect. *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008).

Section 71.02 of the Texas Penal Code provides that a person commits the offense of engaging in organized criminal activity "if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits . . .[,]" among other offenses, burglary or burglary of a motor vehicle. Tex. Penal Code Ann. § 71.02(a)(1).[2]

---

[2]The 2019 amendments to section 71.02 are not material to this appeal. Therefore, we cite to the current version of the statute.

"Criminal street gang" is defined as "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities." *Id*. § 71.01(d).

The indictment alleged that Hart committed the offense of burglary of a motor vehicle as a member of a criminal street gang. The jury heard evidence that the complaining witness's motor vehicle, which was parked at a restaurant on Interstate 45, was burglarized, and numerous items were stolen, including passports, computers, and credit cards belonging to the complaining witness's Polish colleagues. The restaurant's video security system recorded the burglary, and the video revealed that the burglary was perpetrated by two suspects who were in a four-door maroon vehicle. Over the objection of defense counsel, the investigating officers testified that a second burglary of a motor vehicle occurred within five to twenty minutes at another nearby restaurant on Interstate 45, and the marks made on that vehicle were the same as the ones made on the victim's vehicle. Items from the second burglary were found in the vehicle in which Hart was a passenger. Over defense counsel's objection, the jury also heard evidence that, after pleading guilty, Hart had previously been convicted of the offenses of burglary of a motor vehicle and theft in Harris County.

13

Hart was apprehended when a maroon four-door sedan in which he was a passenger was stopped by Officer Courtney Pullen of the Shenandoah Police Department. When the sedan was searched, officers found a large sum of cash, an iPad, multiple laptop bags, a screwdriver, remnants of broken glass on the vehicle's passenger-side floorboard, and passports and wallets belonging to residents of Poland. Polish currency was found in Hart's pocket. Pullen testified that, during her investigation, she learned that Hart "was a confirmed gang member reported by [the] Houston Police Department." Officer Ryan Jones of the Montgomery County Sheriff's Office testified that he had received training while serving as part of the gang intelligence unit and while serving as a federal task force officer with the Department of Homeland Security. According to Jones, both Hart and the driver of the maroon sedan are documented members of the criminal street gang known as Greenspoint Soldiers, and Hart had previously been arrested with other members of the Greenspoint Soldiers.

We disagree with Hart that the other burglaries were extraneous to the charged offense. Rather, such evidence was a part of the "combination" element of the offense of engaging in organized criminal activity. *See Canales v. State*, 98 S.W.3d 690, 697 (Tex. Crim. App. 2003); *see also* Tex. Penal Code Ann. § 71.02(a)(1). However, even if the other burglaries constituted extraneous offenses, the trial court

14

gave the jury a limiting instruction, and we presume that the jury followed the trial court's instructions. *See Renteria v. State*, 206 S.W.3d 689, 707 (Tex. Crim. App. 2006). Furthermore, the strong evidence of Hart's guilt gives this Court fair assurance that the admission of evidence regarding extraneous burglaries of a motor vehicle did not influence the jury, or had but slight effect, making any error harmless. *See Taylor*, 268 S.W.3d at 592; *Motilla v. State*, 78 S.W.3d 352, 358 (Tex. Crim. App. 2002) (holding that "evidence of the defendant's guilt is a factor to be considered in any thorough harm analysis"); *see also* Tex. R. App. P. 44.2(b). Accordingly, we overrule issue six. Having overruled each of Hart's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 5, 2019
Opinion Delivered March 25, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

15