Gregory Scott TORRES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00862–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 20, 1999.

Stanley G. Schneider, Houston, for Appellant.

John B. Holmes, Kimberly Aperauch Stelter, Houston, for Appellee.

Panel consists of Justices MIRABAL, O'CONNOR, and NUCHIA.

## ORDER OF ABATEMENT

PER CURIAM.

Gregory Scott Torres, the appellant, appeals his conviction for aggravated robbery. The appellant was sentenced to 38 years confinement. We abate this appeal for 60 days and remand for the trial court to conduct a hearing on the appellant's motion for new trial.

### Background

The appellant was indicted for the first degree felony offense of aggravated robbery. The appellant pled guilty to the offense without an agreed recommendation. The docket sheet indicates the court reporter was waived for the hearing on the appellant's guilty plea. After the completion of a pre-sentence investigation report, the trial court held a punishment hearing with the court reporter present. The appellant and the complainant testified. The trial court assessed punishment at 38 years confinement. The complete record on appeal consists of the clerk's record and the reporter's record of the punishment hearing.

The appellant filed a motion for new trial with a supporting affidavit in which he alleged he received ineffective assistance of counsel in entering his guilty plea. The record indicates the appellant requested a hearing on the motion for new trial within ten days after he filed the motion. The trial court granted the request and set the hearing for July 18, 1995. The record shows that on July 18, the appellant's counsel appeared without the appellant, the State did not appear, and a court reporter was neither present nor waived. The trial court's order denying the motion for new trial states that "the [trial court] finds that a hearing on this matter is not necessary." On this record, it appears to us that a hearing was not conducted.

### Analysis

In four issues, the appellant claims the trial court abused its discretion by denying his motion for new trial and by denying him a hearing on the motion. We agree he was entitled to a hearing.

■ The right to a hearing on a motion for new trial is not absolute. *Reyes v. State,* 849 S.W.2d 812, 815 (Tex.Crim.App. 1993); *Bruno v. State,* 916 S.W.2d 4, 8 (Tex.App.—Houston [1st Dist.] 1995, no writ). A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. *Reyes,* 849 S.W.2d at 815; *Bruno,* 916 S.W.2d at 8. The trial court abuses its discretion in failing to hold a hearing when the motion raises matters that are not determinable from the record. *Reyes,* 849 S.W.2d at 816; *Bruno,* 916 S.W.2d at 8.

■ If a defendant's motion for new trial and supporting affidavit are sufficient, a hearing on the motion is mandatory. *Reyes,* 849 S.W.2d at 816; *Bruno,* 916 S.W.2d at 8. A defendant need not establish a prima facie case for a cognizable ground raised in a motion for new trial; he must assert only reasonable grounds for relief that are not determinable from the record. *Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App.1994); *Bruno,* 916 S.W.2d at 8. The purpose of the hearing is for a defendant to develop the issues raised in a motion for new trial. *Jordan,* 883 S.W.2d at 665; *Bruno,* 916 S.W.2d at 8.

■ The appellant's motion for new trial was timely filed and presented to the trial court. The motion was supported by the appellant's affidavit verifying the motion. In the motion, the appellant claimed his lawyer was ineffective because (1) his lawyer persuaded him to plead guilty without an agreed recommendation and to be sentenced by the judge based on a presentence investigation report; (2) his lawyer told him he would probably get probation or boot camp (he was sentenced to 38 years imprisonment); (3) his lawyer told him he would receive immunity from prosecution for any unadjudicated extraneous

offenses to which he admitted (which he did not get); (4) his lawyer did not prepare for the punishment hearing (he did not call any character witnesses and he ignored potentially exculpatory evidence that had been uncovered by a private investigator hired by the appellant's parents).

Without a hearing on the motion for new trial, we cannot determine the content of the conversations held between the appellant and his lawyer, and between defense counsel and the trial judge (if any). In the motion for new trial, the appellant challenged the voluntariness of his plea based on ineffective assistance of counsel. The hearing was necessary to develop the facts supporting the grounds asserted by the appellant. The trial court should have held a hearing on the appellant's motion for new trial before it was overruled. The trial court abused its discretion by not conducting a hearing. *See Bruno*, 916 S.W.2d at 8.

■ The State argues that the appellant cannot complain about the lack of a hearing for two reasons. First, he did not expressly request a hearing in his motion for new trial. Second, the State claims the appellant did not contemplate a hearing because the proposed order attached to his motion for new trial stated "the Court finds that a hearing on this matter is not necessary. Defendant's motion for new trial is granted." The dissenting opinion accepts the State's argument in concluding the appellant waived a hearing. However, this is the wrong conclusion. Although it is true the appellant's motion for new trial did not request a hearing, and his proposed order stated a hearing was not necessary, the record contains a form, signed by defense counsel and the State, that shows (1) a hearing was requested, (2) the parties agreed to the setting, (3) the trial court approved it, and (4) a hearing was set for July 18. Therefore, the appellant requested a hearing and timely presented his motion to the trial court. *See Simpson v. State*, 962 S.W.2d 57, 58 (Tex.App.— Houston [1st Dist.] 1997, no pet.) (stating

to be timely, a defendant must present a motion for new trial within ten days of filing it).

The State and the dissent rely on *Oestrick v. State*, 939 S.W.2d 232, 235 (Tex. App.—Austin 1997, pet. ref'd), to support the proposition that the appellant waived a hearing because nothing indicates the appellant wanted to introduce evidence at the hearing, or that he was prevented from doing so. This is not what *Oestrick* held. Instead, the court held the defendant waived error because there was no evidence that the trial court explicitly or implicitly ruled on either the defendant's request for a hearing or his motion for new trial. *Oestrick*, 939 S.W.2d at 235. The court said,

> Where a motion for new trial is *overruled by operation of law*, the trial court's failure to conduct a hearing, without more, is simply a 'failure to rule' on the request for a hearing.... [T]he record ... contains no evidence that the trial court either explicitly or implicitly ruled on the [defendant's] request for a hearing.

*Id.* (emphasis added). *Oestrick* does not apply to this case, because here the trial court explicitly ruled on the motion for new trial by a signed order. *See* 939 S.W.2d at 235. Unlike the defendant in *Oestrick*, the appellant timely presented his motion and set it for a hearing. *See id.*

It is enough that the appellant requested a hearing, he was entitled to a hearing, and he was denied a hearing. *See Vera v. State*, 868 S.W.2d 433, 435 (Tex.App.—San Antonio 1994, no pet.) (abating appeal to conduct a hearing and rejecting argument that record must show the trial court ruled on the request for a hearing); *see also Martinez v. State*, 846 S.W.2d 345, 346 (Tex.App.—Corpus Christi 1992, pet. ref'd) (stating a written order overruling motion for new trial with a request for a hearing was sufficient to preserve complaint as to trial court's denial of a hearing). Accordingly, we abate this appeal for 60 days and remand to the trial court to conduct a

hearing on the appellant's motion for new trial. We direct that the statement of facts of the hearing on the motion for new trial and the judge's signed order be certified and sent to our Clerk for filing in this proceeding. *See Bruno*, 916 S.W.2d at 8–9. The statement of facts shall be sent to this Court no later than 60 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the statement of facts is filed in this Court.

It is so **ORDERED**.

Justice MIRABAL dissenting.

MARGARET GARNER MIRABAL, Justice, dissenting from order of abatement.

I dissent.

The majority effectively holds that a trial court abuses its discretion when it fails to hold an evidentiary hearing on a motion for new trial, *even if* the defendant waives an evidentiary hearing. I disagree.

Appellant filed a motion for new trial, supported by affidavit, and attached an order to be signed by the judge that read:

> On this ____ day of _____, 1995, the Court finds that a hearing in this matter is not necessary. Defendant's Motion for New Trial is hereby granted.

Nevertheless, the trial court set the motion for new trial for hearing on July 18, 1995. On that date, appellant's counsel appeared in court for the hearing. There is no reporter's record of what transpired. The trial court then ruled on the motion for new trial, crossing out the "hereby granted" in appellant's proposed order and writing in "denied." There is no motion for reconsideration, or objection, or anything in the record before us to indicate that appellant requested to put on evidence at the hearing, or that his request was denied.

As an appellate court, we are not to presume error was committed in the trial court. *See* TEX.R.APP. P. 33.1. In the present case, because there is no indication that appellant wanted to put on evidence at the July 18 hearing, or that he was prevented from doing so, no error has been shown. *See Oestrick v. State*, 939 S.W.2d 232, 235 (Tex.App.—Austin 1997, pet. ref'd) (no evidence that trial court ever refused to conduct a hearing); *Martin v. State*, 823 S.W.2d 395, 397 (Tex. App.—Texarkana 1992, pet. ref'd) (failure to hold hearing not error absent appellant's request for hearing).