No. 04-99-00307-CR

Ramon ARMENDARIZ,

Appellant

v.

The STATE of Texas,

Appellee

From the County Court, La Salle County, Texas

Trial Court No. 3738

Honorable Jimmy P. Patterson, Judge Presiding

Opinion by: Paul W. Green, Justice

Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Paul W. Green, Justice

Delivered and Filed: March 22, 2000


AFFIRMED


 In two issues, appellant Ramon Armendariz challenges his conviction for assault.(1)
In his first issue, Armendariz complains the trial court erred by failing to hold a hearing on
his motion for new trial. In his second issue, Armendariz argues his conviction was the result
of ineffective assistance of counsel. We affirm the trial court's judgment.

Facts

 Armendariz was charged with assault following his intervention in an altercation
between his wife and the complainant, Delta Garcia. The fight occurred following a board
meeting of a "peewee" football league founded by Armendariz and his wife and in which
Garcia's son participated.

Hearing on Motion for New Trial 

 Armendariz filed a motion for new trial based on ineffective assistance of trial
counsel. Among other things, Armendariz argued counsel was ineffective because she only
met with him and his wife to discuss their trial testimony approximately twenty minutes
before trial started, resulting in a disjointed and inadequate presentation of their version of
the facts. Armendariz also claims counsel did not properly investigate the incident to
determine the existence of potential witnesses, although two other possible eye witnesses
existed who might have provided exculpatory evidence. Both these allegations depend on the
development of facts outside the record in the case.

 The motion for new trial was timely filed; however, Tex. R. App. P. 21.6 also requires
the defendant to "present" a motion for new trial to the trial court within ten days of filing.
Mere filing is insufficient to constitute presentment of the motion to the trial court. See Reyes
v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). The record must show the movant
for new trial "sustained the burden of actually delivering the motion for new trial to the trial
court or otherwise bringing the motion to the attention or actual notice of the trial court."
See Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998). Tex. R. App. P. 21.6 does
not authorize presentment to the court clerk. See Carranza, 960 S.W.2d at 79 n.5 (discussing
former Tex. R. App. P. 31(c)(1), now Tex. R. App. P. 21.6).

 The record in this case reflects Armendariz' motion for new trial, proposed order and
blank fiat requesting a hearing were filed with the clerk, but nothing in the record shows the
motion and request for hearing were presented to the trial court. The trial judge's signature
or notation is not present on the proposed order, and no hearing was set on the docket. See
Carranza, 960 S.W.2d at 77-79 (holding the filing of a blank order and blank fiat does not
show presentment); cf. Butler v. State, 6 S.W.3d 636, 641 & n.7 (holding presentment shown
by form in the record showing hearing set, then rescheduled, with court coordinator); Torres
v. State, 4 S.W.3d 295, 297 (Tex. App.-Houston [1st Dist.] 1999, no pet.) (holding
presentment shown by form in the record signed by defense counsel and the State, indicating
a hearing was requested, parties and the court agreed on date, and hearing was set on specific
date). Armendariz' motion was overruled by operation of law 75 days after imposition of
sentence. See Tex. R. App. P. 21.6. Because the motion for new trial was not properly
presented to the trial court, the trial court did not err by failing to hold a hearing on the
motion for new trial. Armendariz' first issue is overruled. Ineffective Assistance of Counsel

 Armendariz next argues his conviction must be reversed because it resulted from
ineffective assistance of counsel. The constitutional right to counsel does not mean errorless
counsel or counsel whose competency is judged by hindsight. Doherty v. State, 781 S.W.2d
439, 441 (Tex. App.-Houston [1st Dist.] 1989, no pet.). Rather, a defendant is entitled to
counsel reasonably likely to render and rendering reasonably effective assistance. See
Doherty, 781 S.W.2d at 441. We begin with the presumption that counsel rendered adequate
assistance and all significant decisions were made in the exercise of reasonable professional
judgment. Strickland v. Washington, 466 U.S. 668, 690 (1984); Roberson v. State, 852
S.W.2d 508, 512 (Tex. Crim. App. 1993). Further, we evaluate counsel's performance based
on the totality of the representation and from counsel's perspective at the time of trial.
Strickland, 466 U.S. at 689; Doherty, 781 S.W.2d at 441.

 If counsel's performance was so deficient that he or she was not functioning as the
counsel guaranteed by the constitutions of the United States and the State of Texas, we must
further determine whether there is a reasonable probability that, "but for" counsel's
unprofessional errors, the result of the proceeding would have been different. Strickland, 466
U.S. at 687; Craig v. State, 825 S.W.2d 128, 129 (Tex. Crim. App. 1992), overruled in part
on other grounds, Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); see
also Hernandez v. State, 988 S.W.2d 770, 772-73 (Tex. Crim. App. 1999) (applying
Strickland to review of effective assistance under the Texas Constitution). This standard does
not require a defendant to show the outcome of his case was "more likely than not" altered
by counsel's failures. See Doherty, 781 S.W.2d at 442. Rather, according to Strickland,
reasonable probability of a different result is a probability sufficient to undermine confidence
in the outcome. Strickland, 466 U.S. at 694; Doherty, 781 S.W.2d at 442.

 Armendariz complains of counsel's failure (1) to make objections, (2) to properly
impeach witnesses, (3) to make an opening statement, (4) to effectively present defense
witnesses and (5) to present a cohesive theory of defense. Armendariz' counsel made many
proper objections, and consistently posed questions to prosecution witnesses that were
designed to question their recollection of events or highlight inconsistencies in their
testimony. She presented closing argument on all possible theories of defense, including self-defense and defense of a third party. The record shows conflicting testimony from almost all
the witnesses to this brief and heated encounter. Each of the witnesses saw or heard a
different aspect of the altercation. The jury was free to believe or disbelieve any of this
evidence. Certainly there is ample evidence in the record to support either the jury's verdict
or the defense theories of self-defense and defense of a third party.

 In hindsight, we may speculate on how the defense presentation could have been more
polished or that another approach to the case may have been more effective. However, our
review of the record reveals counsel's performance, evaluated as a whole, was not so
deficient that Armendariz was deprived of the assistance guaranteed to him. Additionally,
we hold counsel's performance was not such that but for counsel's errors, the result of the
proceeding would have been different. We overrule Armendariz' second issue.

Conclusion

 Because Armendariz waived his complaint about the lack of a hearing on the motion
for new trial and because the representation provided to Armendariz does not constitute
ineffective assistance of counsel, we affirm the judgment.

 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH


1. See Tex. Pen. Code Ann. 22.01 (Vernon 1999).