Opinion issued on March 11, 2004.








     






In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-01040-CR
          01-02-01041-CR




ARTHUR HIMELL ROZELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 894614 & 894615




OPINION ON REHEARING

          We vacate our judgment of November 26, 2003, withdraw our previous
opinion, and issue the following one in its stead. 
          A jury found appellant, Arthur Himell Rozell, guilty of two separate offenses
of aggravated sexual assault of a child


 and assessed his punishment at confinement
for 15 years in each case. In his sole point of error, appellant argues that the trial
court erred in failing to grant a hearing on his motion for new trial. We affirm.
Anders Brief
          Appellant’s appointed counsel on appeal filed a brief stating that, in his
opinion, the appeal was frivolous. The brief meets the requirements of Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional
evaluation of the record and stating why no arguable grounds for error on appeal
exist. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant
hired counsel, and the retained counsel filed a response. 
Background
          Appellant filed a motion for new trial asserting ineffective assistance of
counsel, newly discovered evidence, and legal and factual insufficiency. The motion
was supported by sworn affidavits. The motion was timely filed and presented to the
trial court. The motion itself makes no request for a hearing. Appellant attached two
proposed orders to his motion. The first, entitled, “Order - Time to Present,” recited:
On this day the Court was presented with the Defendant’s Motion
for New Trial. After being presented with this motion in accordance
with Rule 31(c)(1) Tex. R. App. P., [sic] the Court is of the opinion that
the motion should be:
 
_________SET for hearing within ten days of filing
 Hearing date set for the________day of ________, 2002.
_________SET for hearing within [75] days of the date sentence was 
                             imposed.
 Hearing date set for the________day of ________, 2002.
_________GRANTED without a hearing.
_________OVERRULED without a hearing.

                            SIGNED AND ENTERED on this the___day of ___, 2002.

                                                                        _________________
                                                                        JUDGE PRESIDING

The second order, entitled, “Order - Determination,” recited:
On this day came to be heard the Defendant’s Motion for New
Trial. After considering the testimony and evidence presented, the
Court is of the opinion that the motion should be:
 
_________DENIED
 _________GRANTED and IT IS THEREFORE ORDERED that a new trial be 
 had in this cause. 

                             SIGNED AND ENTERED on this the___day of ___, 2002.
 
_________________
JUDGE PRESIDING

The trial court did not rule on the motion for new trial, but wrote “Presented, 11-7-02” and signed the first order. The trial court did not make any notations on the
second order. Neither order was executed by the trial court, no hearing was held, and
the motion for new trial was overruled by operation of law.

Motion for New Trial Hearing
           We review a trial court’s decision not to hold a hearing on a motion for new
trial under the abuse of discretion standard. See Jordan v. State, 883 S.W.2d 664, 665
(Tex. Crim. App. 1994). A defendant has a right to a hearing on a motion for new
trial when the motion raises matters that cannot be determined from the record. 
Butler v. State, 6 S.W.3d 636, 642 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). 
If a defendant’s motion for new trial and supporting affidavit are sufficient to raise
a matter not determinable from the record, a hearing on the motion is mandatory. Id. 
A defendant need not establish a prima facie case for a cognizable ground raised in
a motion for new trial; he must assert only reasonable grounds for relief that cannot
be determined from the record in order to be entitled to an evidentiary hearing. 
Torres v. State, 4 S.W.3d 295, 296 (Tex. App.—Houston [1st Dist.] 1999) (order). 
The purpose of the hearing is for a defendant to fully develop the issues raised in a
motion for new trial. Id. 
          The right to a hearing on a motion for new trial is not absolute. Reyes v. State,
849 S.W.2d 812, 815 (Tex. Crim. App. 1993). A trial court is not required to convene
a hearing on a motion for new trial absent a request by the movant for such a hearing. 
Gallegos v. State, 76 S.W.3d 224, 228 (Tex. App.—Dallas 2002, pet. ref’d); Edwards
v. State, 37 S.W.3d 511, 515 (Tex. App.—Texarkana 2001, pet. ref’d). 
          Appellant argues that, solely because the motion was presented, it was error not
to hold a hearing on the motion. We disagree. Here, although the motion was
presented, the record does not establish that appellant requested or even desired a
hearing prior to this appeal. The record establishes that, in appellant’s motion for
new trial, no request for a hearing was made. Further, appellant’s attached orders do
not establish that he requested a hearing. The first order provided four options; the
first two provided for setting a hearing, the third for granting the motion without a
hearing, and the last, for overruling the motion without a hearing. However, there is
no indication regarding which option appellant wanted or was requesting, and the
trial court did not choose an option. The second order provided two options to either
deny or grant the motion for new trial. Accordingly, the evidence in this case is
insufficient to show that appellant requested a hearing; thus, appellant failed to
preserve error on appeal. See Tex. R. App. P. 33.1(a). Because appellant did not
request a hearing, the trial court could not have abused its discretion in failing to hold
one. Cf. Reyes v. State, 82 S.W.3d 351, 354 (Tex. App.—Houston [1st Dist.] 2001), 
remanded on other grounds, No. 01-00-01262-CR, 2002 WL 1041170, (Tex.
App.—Houston [1st Dist.] May 23, 2002, pet. ref’d) (holding that, where motion was
presented and attached order provided the sole choice of granting a hearing, trial
court abused its discretion by not conducting a hearing). 
          We overrule appellant’s sole point of error. 

Conclusion
We affirm the judgment.
 
                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Jennings, and Hanks.
Publish. Tex. R. App. P. 47.4.