NO. 07-06-0476-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 22, 2006


______________________________



IN RE MICHAEL LOU GARRETT, RELATOR


_________________________________






Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON PETITION FOR WRIT OF MANDAMUS


 Relator, Michael Lou Garrett, has filed a second Petition for Writ of Mandamus
requesting this Court order respondents, "Debbie Liles, Kelli Ward, Jamie L. Baker and
their agents[,] E.C. Williams (Warden, Allred Unit)[,] and F.L. Haynes (Access to Courts
Coordinator/Indigent Supplies Supervisor, Allred Unit)[,] to immediately refrain from
depriving relator, an indigent prisoner, of indigent supplies needed and necessary for
processing the matter of this appeal." We again dismiss for want of jurisdiction. See In
re Garrett, No. 07-06-0438-CV, 2006 Tex.App. LEXIS 9911 (Tex.App.-Amarillo November
15, 2006, orig. proceeding) (mem. op.).

 A court of appeals has authority to issue writs of mandamus against district and
county court judges within the court of appeals' district and all writs necessary to enforce
its jurisdiction. Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon 2004). As none of the
named respondents are identified as judges, they are not within our jurisdictional reach and
we have no authority to issue a writ of mandamus against the respondents absent a
showing that issuance of the writ is necessary to enforce our jurisdiction. In re Cummins,
2004 WL 1948048, at *1 (Tex.App.-Amarillo 2004, orig. proceeding) (mem. op.); In re
Coronado, 980 S.W.2d 691, 692 (Tex.App.-San Antonio 1998, orig. proceeding). 

 Relator contends that issuance of the writ is necessary to enforce our jurisdiction
because, if we do not issue the writ, relator will be "deprived of his right to process his
appeal" in cause number 07-06-00428-CV. Relator has timely filed notice of appeal in that
cause. The order appealed from in that cause was signed on October 16, 2006. 
Consequently, the appellate record in that case is not yet due. See Tex. R. App. P. 35.1. 
As a result, relator has no legal requirement to file any documents in cause number 07-06-00428-CV at this time and, thus, has not shown how he is being "deprived of his right to
process his appeal" by any denial of indigent supplies by respondents. 

 As relator seeks issuance of a writ of mandamus against parties outside of this
Court's jurisdictional reach and fails to establish that the writ is necessary to enforce this
Court's jurisdiction, we dismiss the petition for want of jurisdiction.


 Mackey K. Hancock

 Justice





 an evidentiary hearing.
\
'

var WPFootnote10 = ' Regarding sentencing, the court specifically asked appellant, “You understand,\
sir, that the full range of punishment is available to me, as little as five and all the way to\
confinement for life? Do you understand that?” When appellant responded affirmatively,\
the court continued, “And you are leaving that to me and my discretion?” Appellant again\
responded affirmatively. \
'

var WPFootnote11 = ' Counsel shall, within five days after this opinion is handed down, send appellant\
a copy of the opinion and judgment, along with notification of appellant’s right to file a pro\
se petition for discretionary review. See Tex. R. App. P. 48.4.
\
\
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-07-0178-CR, 07-07-0179-CR and 07-07-0186-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2008
                                       ______________________________
 
JUAN MANUEL GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-300050, D-1-DC-06-300153, D-1-DC-06-300049;

HONORABLE CHARLES F. BAIRD, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Juan Gomez appeals three convictions and sentences committing him to
the Texas Department of Criminal Justice, Institutional Division, for the offenses of
aggravated robbery, aggravated kidnapping, and robbery. In two of the appeals appellant
presents an argument on the merits, but in the third case his counsel filed an Anders brief



and motion to withdraw. For the reasons that follow, we affirm the judgments of the trial
court in each case and grant counsel’s motion to withdraw. 
Background 
          Testimony showed that, about 10:00 p.m. on December 20, 2005, appellant and two
other men approached Ester Maldonado and her adult daughter Tomi Cepeda in an Austin
laundromat. One of the three pulled a gun on Maldonado and Cepeda and demanded
money. Another frisked Cepeda, who was eight months pregnant. When Cepeda asked
the trio to leave because she was pregnant, appellant, who apparently frisked Cepeda,
convinced the gunman they should depart. The trio then left the laundromat. 
          Testimony also showed that during the early morning of January 4, 2006, appellant
and two men approached Jeremiah Murphy near the entry of his girlfriend’s Austin
apartment. One of the three brandished a gun and ordered Murphy to the ground. On
discovering he had no cash but an ATM card, they took the keys to his vehicle and forced
him to leave the apartment grounds with them. In the vehicle, appellant, seated in the
passenger seat, held a gun on Murphy. Another member of the trio drove and the third
rode in the bed of the truck. Unbeknownst to the kidnappers, Murphy’s girlfriend witnessed
the events from her apartment and summoned police. Outside the apartment complex a
police cruiser gave chase. 
          Appellant was subsequently apprehended and indicted for the aggravated robbery



and aggravated kidnapping


 of Murphy and the aggravated robbery of Maldonado. The
State filed these allegations as separate offenses in cause numbers D-1-DC-06-300153,
the robbery of Maldonado; D-1-DC-06-30049, the aggravated kidnapping of Murphy; and
D-1-DC-06-30050, the aggravated robbery of Murphy.


 Appellant plead guilty to each
offense although by agreement the charge of aggravated robbery of Maldonado was
reduced to the lesser offense of robbery.


 Unable to reach a punishment agreement with
the State, appellant elected to have the court set punishment. The court accepted
appellant’s guilty pleas but deferred sentencing for preparation of a pre-sentence
investigation report. 
          Appellant testified during the punishment hearing, as did his father and girlfriend. 
By his testimony, appellant admitted his involvement in the offenses. 
          The court sentenced appellant to concurrent terms in the Texas Department of
Criminal Justice, Institutional Division of twenty years for the robbery of Maldonado, fifteen
years for the aggravated kidnapping of Murphy, and thirty years for the aggravated robbery
of Murphy. 
          Appellant filed motions for new trial in each case which the court denied without a
hearing. These appeals followed.
Denial of Evidentiary Hearing on Motions for New Trial
 
          In a single issue, appellant contends in cause numbers 049 and 050: 
“The trial court abused its discretion in denying appellant’s motion for new
trial without conducting an evidentiary hearing on the issues of an involuntary
plea/ineffective assistance of counsel.”
 
          We review a trial court's denial of an evidentiary hearing on a motion for new trial
for an abuse of discretion. Wallace v. State, 106 S.W.3d 103, 108 (Tex.Crim.App. 2003). 
A defendant's right to a hearing on a motion for new trial is not absolute. Rozell v. State,
176 S.W.3d 228, 230 (Tex.Crim.App. 2005). Thus, a trial court is not required to conduct
a hearing of the defendant’s motion for new trial if the matters raised in the motion are
determinable from the record, or if the motion and supporting affidavits are not sufficient
to put the trial court on notice that reasonable grounds for a new trial may exist. Jordan
v. State, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). 
          To deter "fishing expeditions," a prerequisite to a hearing on a motion for new trial
is that the motion must be supported by an affidavit showing the truth of the grounds of
attack. Reyes v. State, 849 S.W.2d 812, 816 (Tex.Crim.App. 1993). The affidavit offered
in support “must reflect that reasonable grounds exist for holding that such relief could be
granted.” Martinez v. State, 74 S.W.3d 19, 21 (Tex.Crim.App. 2002) (quoting Jordan, 883
S.W.2d at 665). Generally, a hearing is necessary if the motion and attached affidavit or
affidavits raise matters not determinable from the record that could entitle the defendant
to relief. Wallace, 106 S.W.3d at 108. In reviewing a trial court's failure to conduct a
hearing of a motion for new trial, the appellate court must ask "whether, on this record, the
trial court could have reasonably denied appellant a hearing on his motion for new trial."
Wallace, 106 S.W.3d at 108 (emphasis in original). The trial court does not abuse its
discretion when it overrules the motion without a hearing if the motion and accompanying
affidavits do not show the movant could be entitled to relief. See Wallace, 106 S.W.3d at
108.
          Besides a timely filed motion with supporting affidavits that demonstrate reasonable
grounds for relief, the rule requires timely presentation of the motion to the trial court. See
Tex. R. App. P. 21.6; Rozell, 176 S.W.3d at 230. "[T]o present a motion in the context of
a motion for new trial, the defendant must give the trial court actual notice that he timely
filed a motion for new trial and [that he] requests a hearing on the motion for new trial." 
Rozell, 176 S.W.3d at 230. In other words, if a defendant desires a hearing on a motion
for new trial, he must request one. Id. Absent a request for a hearing, the reviewing court
need not decide whether the trial court abused its discretion in failing to hold a hearing on
a motion for new trial. Id.
          Here, appellant timely filed motions for new trial on March 6, 2007. Absent from the
record is evidence of an express request for a hearing on the motions.


 For purposes of
this opinion, we will assume, but do not decide, that appellant requested an evidentiary
hearing when he delivered generic orders to the court at the time of presentment of the
motions.
          We proceed, then, to the inquiry whether appellant’s motions and affidavits show
reasonable grounds entitling him to a hearing of the motions. Jordan, 883 S.W.2d at 665. 
A trial court may not accept a plea of guilty unless it appears the plea was entered freely
and voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2007). A prima
facie showing that the plea of an accused was knowing and voluntary is made when the
record shows the accused received admonishments in compliance with article 26.13 of the
code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp.
2007); Smith v. State, 857 S.W.2d 71, 73 (Tex.App.–Dallas 1993, pet. ref’d); Soto v. State,
837 S.W.2d 401, 405 (Tex.App.–Dallas 1992, no pet.). The burden then shifts to the
defendant to show he did not understand the consequences of his plea. See Smith, 857
S.W.2d at 73-74; Soto, 837 S.W.2d at 405. An appellant who claims his plea was
involuntary due to ineffective assistance of counsel must show by a preponderance of the
evidence that counsel's performance fell below an objective standard of reasonableness,
and the deficiency rendered his guilty plea unknowing and involuntary. Dusenberry v.
State, 915 S.W.2d 947, 949 (Tex.App.–Houston [1st Dist.] 1996, pet. ref’d), citing
Rodriguez v. State, 899 S.W.2d 658, 664-66 (Tex.Crim.App.1995), cert. denied, 516 U.S.
946, 133 L. Ed. 2d 307, 116 S. Ct. 385 (1995). See also Strickland v. Washington, 466
U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Significant misinformation by counsel
that induces a guilty plea makes the plea involuntary. Ex parte Kelly, 676 S.W.2d 132,
134-35 (Tex.Crim.App. 1984); Fimberg v. State, 922 S.W.2d 205, 208 (Tex.App.–Houston
[1st Dist.], pet. ref’d). 
          By his affidavits supporting his motions for new trial, appellant averred his trial
counsel misled him into guilty pleas with no agreement for punishment under the belief the
court would render a more lenient sentence than the State’s plea bargain offer on
punishment of fifteen years confinement. In his brief, appellant tells us that he “did not
recognize that he could receive more than the State’s offer by following his attorney’s
advice.” 
          Appellant does not contend the trial court’s admonitions concerning the possible
sentencing range were inadequate, and we find the court properly admonished appellant
concerning the range of punishment, both orally and in writing. See Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon Supp. 2007).


 After placing appellant under oath, the court
determined that appellant had no mental illness, his attorney had answered all his
questions, and he understood the purpose of the hearing. In response to the court’s
questioning, appellant admitted guilt for the offenses alleged. According to appellant, his
plea was not based on a promise or compulsion. Appellant agreed with the court that his
counsel and the State were unable to reach an agreement for punishment. Appellant
acknowledged his decision that the court set punishment. The court then explained the
available sentencing range spanned five years to life in prison. Appellant acknowledged
his understanding of the punishment possibilities. Again he agreed that the punishment
decision was left to the discretion of the court. 
          The thesis of appellant’s affidavit testimony in support of his motions for new trial
is he lacked understanding of the plea paperwork and the consequences of rejecting the
State’s plea offer and leaving sentencing to the judge. In his affidavits, appellant stated
he intended to accept the State’s plea bargain offer of fifteen years confinement but based
on his counsel’s representation that “he could get [appellant] a better deal if [he] plead
guilty and ‘tried’ the case to the judge,” he rejected the plea offer. Concerning the plea
paperwork, appellant’s affidavits said, “I did not read or go over the entire paper before I
signed it. [Trial counsel] did not go over the plea paperwork with me word for word. What
I remember is that he basically pointed out where I should sign my name, and I did so.” 
          The record of in-court proceedings tells a different story. At the plea hearing, in the
presence of appellant, his trial counsel asked to explain on the record some aspects of
appellant’s signing of the plea papers. He explained appellant’s reading and writing
deficiencies and told the court he discussed the waiver of rights document with appellant
“as if he were a Spanish speaker.” Counsel continued, telling the court, “In other words,
we went over and looked at each line and discussed it and what it meant because his
language skills are very limited.” Appellant expressed no disagreement. To the contrary,
in response to specific questioning by the court that followed, appellant, under oath, agreed
that his attorney explained the document to him. Appellant told the court, “Yes, he
explained it.”


 
          Appellant urges Torres v. State, 4 S.W.3d 295 (Tex.App.–Houston [1st Dist.] 1999,
pet. ref’d) and Reyes v. State, 82 S.W.3d 351 (Tex.App.–Houston [1st Dist.] 2001, pet.
ref’d) support his claim of trial court error. We disagree.
          In Torres, the parties waived a court reporter for the sentencing hearing so no
record existed of the trial court’s admonishments and the responses or other testimony of
the defendant. 4 S.W.3d at 296. Further, the opinion does not discuss the effect of the
defendant’s responses to any written admonishments. Here, the reporter’s record sets
forth both the breadth of the court’s admonitions and inquiry of appellant at the plea
hearing as well as appellant’s unequivocal responses. 
          The facts in Reyes likewise distinguish it from the case at bar. There, based on the
affidavits of the appellant, his trial counsel, and another attorney, the appellate court found
issues concerning the content of conversations between the appellant and his counsel not
determinable from the record. 82 S.W.3d at 353-54. Reyes did not present a record
containing detailed and proper oral and written admonishments, clear and unequivocal
affirmative responses by the defendant, and a post-trial affidavit proffering the attempted
denial of plea-hearing testimony. The merits of appellant’s assertions in his motions for
new trial denying that he and his trial counsel thoroughly reviewed the plea admonishments
were fully determinable from the record, without a hearing.


 Accordingly, the case at bar,
unlike Reyes, comes within the settled rule that a hearing on a motion for new trial is not
required if the issue is determinable from the record. See Macri v. State, 12 S.W.3d 505,
510 (Tex.App.–San Antonio 1999, pet. ref'd) (citing Reyes v. State, 849 S.W.2d 812, 816
(Tex.Crim.App. 1993)).  
          As noted, appellant also contends his guilty plea was induced by his counsel’s
misrepresentation that his punishment following an open plea would be less than the
State’s fifteen-year offer. As appellant describes it in his affidavit, he understood from his
lawyer’s advice that turning down the State’s plea offer was a no-lose deal for him,
because if he plead guilty the court could not sentence him to more years confinement
than the State offered, but could sentence him to fewer years. The contention runs directly
contrary to appellant’s affirmative responses to the court that he understood the court’s
admonishments.


 To be entitled to a hearing on his motions, appellant was not required
to present facts establishing a prima facie case his plea was rendered involuntary by
significant misinformation from his counsel. See Jordan, 883 S.W.2d at 665. But he was
required to submit more than a new statement of his understanding of the available range
of punishment, different from the understanding he expressed when the court questioned
him about that very matter. In the face of his responses to the court’s clear admonitions,
appellant’s affidavit does not present a reasonable ground for holding that his guilty plea
was induced by a misrepresentation by his counsel. 
            For the same reason, we find appellant’s affidavits presented no reasonable basis
supporting the necessity of an evidentiary hearing of appellant’s claim of ineffective
assistance of counsel. See Messer v. State, 757 S.W.2d 820, 827-28 (Tex.App.–Houston
[1st Dist.] 1988, pet. ref’d) (defendant plead guilty after receiving notice in open court that
all sentencing options were available, agreed he understood the court’s punishment
latitude, and stated no promises were made to obtain his plea; second prong of the
Strickland standard not met). The record required no development to allow the trial court
to conclude the facts asserted in appellant’s affidavit would not support a finding of
ineffective assistance of counsel under Strickland. See Hernandez v. State, 84 S.W.3d
26, 35 (Tex.App.–Texarkana 2002, pet. ref’d) (citing Messer, 757 S.W.2d at 828, and
finding no abuse of discretion in failure to hold hearing on motion for new trial asserting
ineffective assistance led to guilty plea).
          Concluding the trial court did not abuse its discretion by failing to hold an evidentiary
hearing before overruling appellant’s motions for new trial, we overrule appellant’s single
issue in cause numbers 049 and 050.
Anders Brief in Cause Number 153
          In cause number 153, appellant filed a motion for new trial asserting the verdict was
contrary to the law and evidence. The motion, unlike those filed in cause numbers 049 and
050, did not contain a supporting affidavit or otherwise argue ineffective assistance of
counsel resulted in an involuntary plea. By an order identical to those in 049 and 050 the
court denied the motion. Appellant does not now complain of the trial court’s failure to
grant a hearing of the motion. Rather, his counsel filed a motion to withdraw from
appellate representation and a brief pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellate counsel states he diligently reviewed
the record and in his professional opinion there is no reversible error or legitimate grounds
upon which a non-frivolous appeal can arguably be predicated. He further represents that
a copy of the Anders brief was served on appellant. Attached to the brief was a copy of
a letter from counsel to appellant notifying him of his right to respond to the Anders brief
and review the record. See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco
1994, pet. ref’d). By letter, this court notified appellant that his attorney filed an Anders
brief and motion to withdraw and he was entitled to review the record and respond. 
Appellant made no response.
          We will not rule on counsel’s motion to withdraw until we have independently
examined the entire record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio
1997, no pet.). If we determine the appeal has merit, we will remand the case to the trial
court for appointment of new appellate counsel. See Stafford v. State, 813 S.W.2d 503,
511 (Tex.Crim.App.1991).
          The brief of appellant’s counsel discussed the procedural history of the case and
the evidence presented at trial. Counsel supported his discussion with citations to the
record and cases where applicable. Counsel specifically identified two issues. The first
was evidentiary, concerning appellant’s sole trial objection, which the court overruled, and
the second the court’s order overruling appellant’s motion for new trial. In both instances,
counsel found the absence of reversible error. 
          We have reviewed the entire record for any non-frivolous grounds on which an
appeal of cause number 153 could arguably be founded. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford, 813 S.W.2d at 511. In conducting
our review we also considered the record of cause numbers 049 and 050. While a certain
inconsistency exists in the appellate positions asserted in cause numbers 049 and 050,
which raise a merits argument, and the Anders claim here, we are not obligated to abate
and remand this case for appointment of new appellate counsel. Although briefed on the
merits, the appeals of cause numbers 049 and 050 present no points with arguable merit. 
See Anders 386 U.S. at 744 (a frivolous appeal is one without arguable merit). We,
therefore, agree with counsel that the record in cause number 153 presents no meritorious
issue which would support an appeal. 
 
Conclusion
          In cause numbers 049 and 050, we find the trial court did not abuse its discretion
by not conducting a hearing of appellant’s motions for new trial. We affirm the judgments
of the trial court in cause numbers 049 and 050. In cause number 153, we grant counsel’s
motion to withdraw


 and affirm the judgment of the trial court.
 

James T. Campbell

                                                                                    Justice













Do not publish.