Opinion issued February 5, 2009









Opinion issued February 5,
2009

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas




 
 
 
 
 
 
 


 



NO.
01-06-00672-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



PATRICK RENOID SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1057399




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

             Appellant Patrick Renoid
Smith pleaded guilty to the charge of aggravated robbery.  After ordering a
presentence investigation and holding a sentencing hearing, the trial court
sentenced Smith to fifteen years’ confinement.  In a single issue, Smith
contends the trial court abused its discretion in refusing to conduct an
evidentiary hearing on his motion for new trial.  We affirm.

Background

According to Smith’s
plea, he attempted to deprive the complainant of her personal property with the
use of a deadly weapon, a gun, in February 2006.  Following his apprehension,
Smith entered a guilty plea and opted to have the trial court determine his
punishment.  The trial court sentenced Smith after a presentence investigation
and hearing.  

In his motion for new
trial, Smith claimed that his counsel rendered ineffective assistance by failing
to call numerous witnesses who were available to testify about his character
and his suitability for a reduction of sentence or provide letters of
recommendation for a reduction of sentence.  Smith’s motion included fourteen
affidavits of possible witnesses who averred that they were not called to
testify for Smith and that, had they been called, they would have asked that
his sentenced be lowered.  The trial court reviewed the motion and the
affidavits and denied Smith’s request for hearing and motion for new trial.  

Discussion

          We review a trial court’s
denial of an evidentiary hearing and motion for new trial for an abuse of
discretion. State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App.
1993); Bruno v. State, 916 S.W.2d 4, 6 (Tex. App.—Houston [1st Dist.]
1995, pet. ref’d).   Accordingly, we will reverse the trial court’s ruling only
when its decision is so clearly wrong “as to lie outside that zone within which
reasonable persons might disagree.”  Gonzalez, 855 S.W.2d at 695.  

“The purpose of the
hearing is to fully develop the issues raised in the motion.” Jordan v.
State, 883
S.W.2d 664, 665 (Tex. Crim. App. 1994).  If a defendant raises
issues that are not readily determinable from the existing record, the trial
court strays outside the zone of reasonable disagreement if it fails to hold a
hearing on those issues.  Reyes v. State, 849 S.W.2d 812, 816 (Tex.
Crim. App. 1993).  On the other hand, if the motion presents issues that are
readily determinable from the record, the decision either to hold or deny a
hearing is within the trial court’s discretion.  Id.  

Smith claims the district
court abused its discretion in refusing to grant a hearing on his motion for
new trial, contending that he was entitled to a hearing because it would allow
him to develop facts not shown by the record, namely, that his counsel did not
properly investigate or present evidence that would have supported mitigation
of his punishment.  We disagree.  In Wallace v. State, 106 S.W.3d 103
(Tex. Crim. App. 2003), the Court of Criminal Appeals rejected the notion that
a defendant need only assert reasonable grounds for relief that are not
determinable from the record in order to be entitled to a hearing, and held
that, based on evidence previously adduced, the trial court could have
reasonably concluded “(a) that the strength of the prosecution’s case was such
that the new evidence suggested by the affidavits, even if true, was not
compelling enough to probably bring about a different result in a new trial
and, therefore (b) that appellant’s motion and accompanying affidavits did not
show that he could be entitled to relief.”  Id. at 108.   Thus, it was
not an abuse of discretion for the trial court to have denied Wallace’s request
for a hearing on his motion for new trial.  Id.  

As the fact finder who
assessed Smith’s punishment, the trial judge could reasonably determine whether
the testimony of the proposed witnesses, as described in their affidavits and
taken as true, would have compelled it to impose a lesser sentence.  See id.;
see also Macri v. State, 12 S.W.3d 505, 510 (Tex. App.—San Antonio 1999,
pet. ref’d) (holding that, “[a]s the trier of fact for punishment, the trial
court could determine from the affidavits whether he would have imposed a
lesser sentence had he heard testimony from the people who wrote the letters.”).[1] Accordingly, the trial court did not abuse its discretion
in denying Smith’s request for hearing and motion for new trial.  

Conclusion

We hold that the trial
court did not abuse its discretion in denying Smith’s request for hearing on
his motion for new trial.  We therefore affirm the judgment of the trial court.

 

                                                          Jane
Bland

                                                          Justice

 

 Panel consists of Justices Taft,
Bland, and Sharp.

Do not publish.  Tex. R. App. P. 47.4.

 









[1]
We find the cases relied on by Smith to be
distinguishable.  In both Lair v. State, 265 S.W.3d 580 (Tex. App.—Houston [1st Dist.] 2008, no pet.), and Milburn v. State, 15 S.W.3d 267 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d), the juries, not the trial courts, assessed the
defendants’ punishments.  Lair, 265 S.W.3d at 595–96; Milburn, 15
S.W.3d at 271.  In Torres v. State, 4 S.W.3d 295 (Tex. App.—Houston [1st
Dist.] 1999, no pet.), the defendant claimed that counsel’s ineffectiveness
rendered his plea involuntary, an issue that required further factual
development.  Id. at 296–97.