

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

AMENDED ORDER OF ABATEMENT

Appellate case name:  David Kirkland v. State v. The State of Texas

Appellate case number:   01-15-01018-CR

Trial court case number:  1467730

Trial court:                  179th District Court of Harris County

On December 18, 2015, appellant David Kirkland filed a motion for new trial and requested a hearing on that motion.  The trial court did not grant appellant's request for a hearing.  On appeal, appellant complains that the trial court abused its discretion by not conducting a hearing because a hearing was necessary to develop facts supporting the grounds asserted by appellant in his motion for new trial.[1] *Torres v. State*, 4 S.W.3d 295, 297 (Tex. App.—Houston [1st Dist.] 1999, no pet.). We agree with appellant.

Accordingly, we abate this appeal and remand the case to the trial court. *See* TEX. R. APP. P. 43.6, 44.4; *Hobbs v. State*, 298 S.W.3d 193, 203 (Tex. Crim. App. 2009) (reversing court of appeals and remanding "case with instructions to abate the appeal and return the case to the trial court to conduct a hearing on appellant's motion for new trial").  On remand, the trial court shall conduct a hearing on appellant's motion for new trial within 60 days of the date of this order.

The court coordinator of the trial court shall set a hearing date and notify the parties.  The trial court shall have a court reporter, or court record, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the

---

[1]    The State contends that appellant did not preserve his complaint that the trial court was required to hold a hearing on his motion for new trial because appellant's motion for new trial was overruled by operation of law, and appellant did not secure a separate ruling on his request for a hearing.  Appellant's motion for new trial and evidence, however, sufficiently called to the trial court's attention that appellant requested a hearing on his motion for new trial. Because the motion for new trial containing a request for a hearing was timely and properly presented to the trial court, appellant preserved his request for a hearing. *See Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).

trial court's findings, recommendations, and orders, including the order granting or denying a new trial, with this Court within 30 days of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of the hearing. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing on the motion for new trial are filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ Sherry Radack

☐ Acting individually     ☒ Acting for the Court

Date: February 21, 2017